718 A.2d 1242

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**George RANDOLPH, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 23, 1997.

Decided Sept. 29, 1998.

Mark P. Much, Media, for George Randolph.

Vram Nedurian, Jr., Newtown Square, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION

ZAPPALA, Justice.

Appellant, George Randolph, appeals the order of the Superior Court affirming the trial court's decision denying his request to withdraw his guilty pleas prior to sentencing. For the reasons that follow, we reverse.

Appellant was arrested on April 19, 1994, in the vicinity of a recent burglary. He confessed to police regarding his participation in various burglaries. Three days later, while in police custody, Appellant agreed to drive with police officers to identify homes he had burglarized.

Appellant was subsequently charged with thirteen counts of burglary, one count of aggravated assault and one count of carrying firearms without a license. Court appointed counsel met with Appellant on one occasion and advised him to enter guilty pleas to the charges against him. Counsel informed Appellant that in his opinion, the court would sentence him to a range of 7½ to 12 years imprisonment, although sentencing would depend on the victim impact statements received by the court. At a hearing on July 25, 1994, Appellant appeared before the court and entered open pleas of guilty to all the charged crimes. The court conducted an on-the-record colloquy where Appellant stipulated that the Affidavits of Probable Cause to each arrest warrant could be accepted by the court as the factual basis for the plea. The court accepted the pleas and deferred sentencing until September 7, 1994. The court then inquired of Appellant's counsel regarding whether Appellant was aware of his right to ask that his plea be withdrawn, to which counsel replied that he was. The court then in-

formed Appellant that if he sought to withdraw his plea he should do so "before I sentence you," noting that his "right to withdraw or take back [the] plea at a later date [would] be severely limited" and "much harder to do." N.T. July 25, 1994 at 17.

On the date of his scheduled sentencing, Appellant informed his counsel that he wished to withdraw his guilty pleas. Prior to sentencing, Appellant's counsel stated the following:

[Appellant] informed me that he wishes to withdrawn (sic) his guilty plea. I wanted for the record that I, as his Defense Counsel, think that this is not in his best interest, and I have advised him so. . . .

N.T. September 7, 1994 at 4. The court then inquired of Appellant as to why he wished to withdraw his pleas. Appellant gave the following explanation:

I(sic) requesting they be withdrawn because *I'm not guilty* and the statements I gave, I gave under duress. I was sick at the police station. They told me the sooner I gave these statements, the sooner I would be taken to a county facility and be treated. They called paramedics, but they kept questioning me and questioning me. I answered all the questions that they wanted me to answer because I wanted medical treatment.

*Id.* (emphasis added). The court then questioned Appellant regarding why he entered guilty pleas at the July 25 hearing; Appellant, on two occasions, stated that he entered the pleas on the advice of counsel. *Id.* at 5, 7. Despite Appellant's statement that his basis for seeking to withdraw his pleas was that he was "not guilty," the court focused on the validity of the plea colloquy, stating:

I don't think that there's any valid case here to withdraw the plea. I remember on July 25 that you were in good health. You admitted these things, and I—unless you have some other reason before I proceed with the sentencing. Is there any other reason? All right, I'm denying the motion to withdraw the guilty plea and we'll proceed to sentencing.

*Id.* at 8. The court imposed an aggregate sentence of 21 to 42 years imprisonment.

New counsel was subsequently appointed to represent Appellant on appeal. The trial court permitted counsel to supplement the record for purposes of appeal at a hearing held on September 25, 1995.[1] Appellant's former counsel and Appellant testified at the hearing.

Appellant's former counsel testified that the reason Appellant gave him for wanting to withdraw his guilty pleas was because "he was not guilty." N.T. September 27, 1995 at 13. Appellant testified that he entered guilty pleas at the July 25, 1994 hearing to crimes that he did not commit and that he did so based upon representations of his counsel regarding the sentence he would receive. *Id.* at 24. On cross examination, Appellant admitted that he was not innocent of all the crimes charged, but he stated that out of the 13 burglary charges, he had done only four or five of them. *Id.* at 27.

Pa.R.Crim.P. 320 establishes that "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." There is a clear distinction between requests to withdraw a guilty plea made prior to sentencing and those that are made after sentencing.[2] In our seminal decision of *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973), we set forth the parameters for determining when, as here, a request to withdraw a guilty plea made prior to sentencing should be granted. We stated that "although there is no absolute right to withdraw a guilty plea, properly received by

1. The district attorney also presented a stipulation to the court at the hearing wherein he agreed that Appellant should be permitted to file a direct appeal *nunc pro tunc* from the court's December 22, 1994 order denying Appellant's post-trial motion to withdraw his guilty pleas. Apparently, neither Appellant nor his counsel received notice of this order.

2. See *Commonwealth v. Muntz*, 428 Pa.Super. 99, 630 A.2d 51 (1993), citing *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973) (a showing of prejudice on the order of manifest injustice is required when considering a petition to withdraw a guilty plea submitted to a court after sentencing since permitting a liberal standard at this stage might encourage the entrance of a plea as a sentence testing device.)

the trial court, it is clear that a request made before sentencing...should be liberally allowed." *Id.* 450 Pa. at 190–191, 299 A.2d at 271.

In *Forbes,* the appellant pled guilty to various crimes stemming from an assault and robbery of the victim in her home, which resulted in her death. An on-the-record colloquy was conducted prior to the court's entrance of appellant's pleas. Having concluded that the pleas were made "voluntarily and understandingly," the court concluded that the evidence presented revealed that a case of first degree murder had been made out. The court deferred further ruling on the matter until a three-judge panel could be convened.

On the day of the scheduled hearing before the three-judge panel, appellant stated that he wished to withdraw his guilty pleas because he did not "want to plead guilty to nothing [he] didn't do." *Id.* 450 Pa. at 187, 299 A.2d at 269. Appellant later abandoned this request, but it became clear that his decision was based upon defense counsel's threat to withdraw from the case. The court nevertheless proceeded to sentence appellant to life imprisonment based upon a finding that appellant was guilty of first degree murder.

The appellant in *Forbes* asserted that the court erred in failing to permit him to withdraw his guilty pleas made pursuant to his original request and prior to sentencing, once it became clear that he abandoned this request based on his counsel's coercion. We agreed and found the appellant's withdrawal of his original request to be invalid. In reversing the judgment of sentence and granting a new trial, we again stated that "a request [to withdraw] made before sentencing has been generally construed liberally in favor of the accused." *Id.* 450 Pa. at 190, 299 A.2d at 271. We then set forth the following test regarding when such a request should be permitted:

[I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." If the trial court finds "any fair and just reason", withdrawal of the plea before

sentence should be freely permitted, unless the prosecution had been "substantially prejudiced."

*Id.* 450 Pa. at 191, 299 A.2d at 271 (citations omitted). Applying this test to the facts of *Forbes,* we held that the trial court should have allowed withdrawal of appellant's guilty pleas. We noted that the basis for the appellant's requested withdrawal was that he did not "want to plead guilty to nothing [he] didn't do." Accordingly, we found that

*appellant, by this assertion of innocence—so early in the proceedings—offered a "fair and just" reason for withdrawal of his plea.* Moreover, on this record there is not even the slightest suggestion that the prosecution was in any sense "substantially prejudiced by reliance upon the defendant's plea."

*Id.* 450 Pa. at 192, 299 A.2d at 272 (emphasis added).

The facts before us in the current matter reveal that Appellant made a clear assertion of his innocence before the trial court as the basis for his requested withdrawal of his guilty pleas. See N.T. September 7, 1994 at 4. Moreover, the uncontroverted evidence of record fails to reveal that the Commonwealth would have suffered any prejudice, let alone substantial prejudice, had Appellant's withdrawal request been permitted.[3] Thus, based on our decision in *Forbes,* Appellant offered a fair and just reason for withdrawing his guilty pleas made prior to sentencing, and, accordingly, his request in this regard should have been permitted.

The trial court, nevertheless, denied this request and proceeded to sentencing.[4] The Superior Court, while recognizing our decision in *Forbes,* stated the following in affirming the trial court:

Although this Court is bound by the decision in *Commonwealth v. Forbes, supra,* where the expression of innocence was a fair and just reason for the withdrawal of a guilty

---

**3.** Nor did the Commonwealth assert that it would suffer prejudice if Appellant's request were permitted.

**4.** The trial court erroneously applied the post-sentence standard of "manifest injustice" to the facts of this case.

plea, appellant should not be permitted to withdraw his guilty pleas by stating 'I am not guilty of some of the crimes' when his plea is supported by an extensive colloquy where he expressly admitted guilt.

Slip op. at 9.

Initially, we note that the Superior Court, under the guise of distinguishing this matter from *Forbes*, found significant Appellant's admission that he was not innocent of all the crimes alleged against him. The Superior Court concluded that such a statement does not amount to a declaration of innocence. We find this rationale to be spurious, given Appellant's unequivocal testimony at the initial hearing before the trial court that he was seeking to withdraw his pleas because he was "not guilty." See N.T. September 7, 1994 at 4. Moreover, even if Appellant had not made this initial declaration, given the liberal standard articulated in *Forbes* and the lack of prejudice to the Commonwealth, Appellant's admission that he was not innocent of all the crimes charged should not have defeated his requested withdrawal. The Superior Court attempted to apply a new standard whereby participation in a plea colloquy results in a defendant's waiver of the rights established by this Court pursuant to *Forbes*.

We wish to make it clear that we do not now, nor have we ever, abandoned, altered or modified the standard articulated in *Forbes* regarding a defendant's ability to withdraw a guilty plea prior to sentencing. Consequently, we are troubled, to say the least, by the Superior Court's cavalier disregard of the *Forbes* standard, which appears to be motivated not by the facts of this case, but instead by the Superior Court's stead-fast disagreement with this Court's rationale set forth therein. See, e.g. *Commonwealth v. Turiano*, 411 Pa.Super. 391, 601 A.2d 846, 851–2 (1992), where the Superior Court noted its reluctance to follow *Forbes* and its desire to abandon the standard set forth therein based upon its belief that the standard has become obsolete. We take this opportunity to admonish the Superior Court that it is obligated to apply and not evade our decisions. It is a fundamental precept of our

judicial system that a lower tribunal may not disregard the standards articulated by a higher court.

Based on the foregoing, we vacate the order of the Superior Court, reverse the judgment of sentence and remand the matter for further proceedings consistent with this opinion.