**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Jeanette GARCIA, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 2010.

Filed Sept. 16, 2010.

Thomas E. Mincer, Milford, for appellant.

Sarah A. Lavelle, Asst. Dist. Atty., Milford, for Com., appellee.

BEFORE: BENDER, OTT and KELLY, JJ.

OPINION BY KELLY, J.:

Appellant, Jeanette Garcia, appeals from the judgment of sentence entered in the Pike County Court of Common Pleas following her guilty plea before the magisterial district court. This case presents a novel issue: what relief is available to a defendant who seeks to withdraw a guilty plea made in the magisterial district court after the relevant ten-day period of Pennsylvania Rule of Criminal Procedure 550(D) has expired. We hold that a defendant may file an appeal with the court of common pleas within thirty days after the case is transferred there from the magisterial district court. If that appeal is denied, the defendant will have thirty days thereafter to appeal to the Superior Court.

We remand the instant matter for Appellant to file an appeal *nunc pro tunc* with the Court of Common Pleas. We also deny the Commonwealth's motion to dismiss this appeal for lack of jurisdiction.

Appellant was charged with fabricating physical evidence,[1] a misdemeanor of the second degree, and simple assault,[2] a misdemeanor of the third degree. Appellant avers in her brief[3] that on August 4, 2009, outside the courtroom, just prior to the preliminary hearing with the magisterial district court, the Commonwealth offered a plea agreement. Appellant alleges that she "understood the agreement to mean that all the criminal charges would be dropped," "acquiesced, signed some papers, and left the courthouse." (Appellant's Brief, at 3). In fact, Appellant, who was represented by counsel, had pleaded guilty by signing a "Pleas of Guilty Before Issuing Authority" form. The one-page form included the following statement:

I, [Appellant's name] residing at [Appellant's address] plead guilty to: S 18 § 2701 §§ A1 SIMPLE ASSAULT before [Magistrate Judge], this Fourth day of August, 2009, and represent that I do this knowingly, voluntarily, and intelligently.

[Appellant's signature]

(Pleas of Guilty Before Issuing Authority, 8/4/09) (underlining indicating text typed onto pre-printed form).

The magistrate also signed the form after this statement: "I accepted the above defendant's plea of guilty after making full inquiry of the defendant. I have advised the defendant of the right to counsel. I

certify that the plea was made voluntarily, knowingly, and intelligently." (*Id.*).

Appellant avers on appeal that she was not aware that she had pleaded guilty until she received correspondence from the Pike County Department of Probation concerning payment of fines. She filed the instant notice of appeal on September 3, 2009, and complied with the court of common pleas' subsequent order to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement.[4]

On appeal, Appellant contends that the Pennsylvania Rules of Criminal Procedure do not identify any post-sentence or appellate relief for a defendant who fails to seek within the ten-day time period of Rule 550(D) withdrawal of a magisterial district court guilty plea. Appellant avers that it is unclear how Rule 550 interacts with Rule 720, which governs post-sentence motions and appeals. She suggests that a defendant may file a notice of appeal with this Court pursuant to Rule 720(A)(3); however, she concedes that her instant appeal is taken "without a record having been formed below and without [the Court of] Common Pleas having had the opportunity to act." (Appellant's Brief, at 7). Nevertheless, Appellant reasons that the alternative conclusion would be that no appeal is available to the defendant, a result she states would be "clearly [ ] absurd." (*Id.*). Here, Appellant requests relief in the form of remand to the Court of Common Pleas to hear her claims that: (1) the magisterial district judge failed to conduct a proper plea colloquy; and (2)

---

1. 18 Pa.C.S.A. § 4910(a)(2).

2. 18 Pa.C.S.A. § 2701(a)(1).

3. As we discuss *infra*, there is no record for us to review for the accuracy of these facts.

4. On the same day, Appellant also filed a summary appeal with the court of common pleas. On appeal, she concedes that the procedure for an appeal from a summary conviction, *see* Pa.R.Crim.P. 460, is inappropriate because the offense in this case is a third-degree misdemeanor.

her plea was not made knowingly, voluntarily, and intelligently.

In its opinion, the Court of Common Pleas reasons that because Appellant failed to withdraw her plea in the magisterial district court, "either within the applicable ten day period or otherwise," her claims should be found waived. (Trial Ct. Op., 10/8/09, at 2). The court also states that, alternatively, if Appellant's issues are not deemed waived, it would be unable to assess her claims because there are no transcripts or other records to review.

We first note that the magisterial district court has jurisdiction over offenses under Title 18[5] which are classified as misdemeanors of the third degree. 42 Pa. C.S.A. § 1515(a)(6)(i). We now consider Rule 550 in detail. Under Rule 550(A), "a defendant may plead guilty before a magisterial district judge at any time up to the completion of the preliminary hearing or the waiver thereof." Pa.R.Crim.P. 550(A). Rule 550 requires a plea to be made knowingly and voluntarily, and obliges the court to evaluate this:

(B) The magisterial district judge may refuse to accept a plea of guilty, and the magisterial district judge **shall not** accept such plea unless there has been a determination, **after inquiry of the defendant,** that the plea is voluntarily and understanding tendered.

(C) The plea shall be in writing:

(1) signed by the defendant, with a representation by the defendant that the plea is entered knowingly, voluntarily, and intelligently; and

(2) signed by the magisterial district judge, with a certification that the plea was accepted after a full inquiry of the defendant, and that the plea was made knowingly, voluntarily, and intelligently.

Pa.R.Crim.P. 550(B)-(C) (emphasis added). The comments to the rule explain that before accepting a plea:

(e) The magisterial district judge should make a searching inquiry into the voluntariness of the defendant's plea. A colloquy similar to that suggested in Rule 590 [Pleas and Plea Agreements] should be conducted to determine the voluntariness of the plea. At a minimum, the magisterial district judge should ask questions to elicit the following information:

(1) that the defendant understands the nature of the charges pursuant to which the plea is entered;

(2) that there is a factual basis for the plea;

(3) that the defendant understands that he or she is waiving the right to trial by jury;

(4) that the defendant understands that he or she is presumed innocent until found guilty;

(5) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(6) that the defendant is aware that the magisterial district judge is not bound by the terms of any plea agreement tendered unless the magisterial district judge accepts such agreement; and

(7) that the defendant understands that the plea precludes consideration for ARD or other diversionary programs.

Pa.R.Crim.P. 550, *comment*.

Sub-section (D) provides the procedure for withdrawing a plea:

A defendant who enters a plea of guilty under this rule may, within 10 days after sentence, change the plea to not guilty by so notifying the magisterial

---

5. Pennsylvania Crimes Code. 18 Pa.C.S.A. §§ 101–9183.

district judge in writing. In such event, the magisterial district judge shall vacate the plea and judgment of sentence, and the case shall proceed in accordance with Rule 547, as though the defendant had been held for court.

Pa.R.Crim.P. 550(D). The comment adds that before accepting a plea:

> (d) The magisterial district judge should advise the defendant that, if the defendant wants to change the plea to not guilty, the defendant, within 10 days after imposition of sentence, must notify the magisterial district judge who accepted the plea of this decision in writing.

Pa.R.Crim.P. 550, *comment.*

Finally, sub-section (E) provides:

> Ten days after the acceptance of the guilty plea, and the imposition of sentence, the magisterial district judge shall certify the judgment, and shall forward the case to the clerk of courts of the judicial district for further proceedings.

Pa.R.Crim.P. 550(E).[6] The comment provides additional guidance:

> Regardless of whether a plea stands or is timely changed to not guilty by the defendant, the magisterial district judge must transmit the transcript and all supporting documents to the appropriate court, in accordance with Rule 547 [Return of Transcript and Original Papers].
>
> Once the case is forwarded as provided in this rule and in Rule 547, **the court of common pleas has exclusive jurisdiction over the case and any plea incident thereto.** The case would thereafter proceed in the same manner as any other court case. . . .

Pa.R.Crim.P. 550, *comment.*

As Appellant states, there is a dearth of case authority on Rule 550. This Court has discovered only one decision that discusses the withdrawal of a guilty plea made before a magistrate: *Commonwealth v. Jannetta,* 413 Pa.Super. 334, 605 A.2d 386 (1992), *appeal dismissed,* 534 Pa. 275, 632 A.2d 307 (1993). In that case, the defendant pleaded *nolo contendere*[7] to a misdemeanor of the third degree and was sentenced to ninety days' probation. *Id.* at 387. More than one year later, he filed a Post Conviction Relief Act[8] (PCRA) petition alleging ineffective assistance of counsel and coercion by the prosecutor to plead guilty. *Id.* at 388. The petition was denied on the grounds that the defendant was no longer serving his sentence. *Id.* A subsequent motion to withdraw the *nolo contendere* plea *nunc pro tunc* was denied for the same reason. *Id.*

On appeal from the latter ruling, this Court reviewed Rule of Criminal Procedure 149, the predecessor to Rule 550.[9] *Id.* at 390. This Court stated that while there was no transcript of the plea colloquy, the record included the signed plea document, which included a reproduction of subsection (d) of the rule. *Id.* Accordingly, this Court "presume[d] that [the defendant] had knowledge of his rights

---

6. We agree with an inference made in Appellant's brief: that the run date for the ten-day period in Rule 550(E) is unclear. The conjunction "and" presupposes that a defendant will be sentenced on the same day he pleads guilty. This may not necessarily occur in every case.

7. "For purposes of appellate review, this Court treats a plea of *nolo contendere* the same as a guilty plea." *Jannetta, supra* at 388.

8. 42 Pa.C.S.A. §§ 9541–9545.

9. *See* Pa.R.Crim.P. 550, *note* (Rule 149 renumbered Rule 550 and amended March 1, 2000, effective April 1, 2001). The predecessor rule is identical to the current Rule 550(D).

should he be dissatisfied with his plea," but nevertheless held:

> Because [the defendant] did not notify the issuing authority within ten days after the imposition of his sentence of his desire to change his plea, we cannot now find that the trial court erred in denying his **untimely motion** to withdraw his plea of *nolo contendere nunc pro tunc.*

*Id.* (emphasis added).

Having reviewed in detail what the *Jannetta* Court did discuss, we note that the decision is silent as to specific issues raised in this case. The Court did not specify whether the magisterial district court personally inquired of the defendant his understanding of the seven suggested matters listed in the comment to Rule 149/550, nor does it appear that the defendant raised that issue.[10] The comment to Rule 550 refers to Rule 590 and its comment "for further elaboration of the required colloquy." Pa.R.Crim.P. 550, *comment.* While the analogous comment under Rule 590 provides that a court "should" inquire into these areas, case authority on that rule has demanded it: "[A] court accepting a defendant's guilty plea **is required to** conduct an on-the-record inquiry during the plea colloquy. The colloquy **must** inquire into the following areas: . . . ." *Commonwealth v. Rush,* 909 A.2d 805, 808 (Pa.Super.2006) (emphasis added). Rule 590's comment also requires any "written colloquy would have to be supplemented by some on-the-record oral examination." Pa.R.Crim.P. 590, *comment.* This Court has stated,

[T]he examination does not have to be solely oral. Nothing precludes the use of a written colloquy that is read, completed, and signed by the defendant, made part of the record, and **supplemented by some on-the-record oral examination.**

*Commonwealth v. Moser,* 921 A.2d 526, 529 (Pa.Super.2007) (citing Pa.R.Crim.P. 590, comment) (emphasis added). *See also Commonwealth v. Bedell,* 954 A.2d 1209, 1212–13 (Pa.Super.2008), appeal denied, 600 Pa. 742, 964 A.2d 893 (2009) ("'[N]othing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.") (emphasis added).

▄▄▄ Finally, we note the standard of review applied in the review of a guilty plea:

> "Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." . . .
>
> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of

**10.** We note the *Jannetta* Court also did not address whether the motion to withdraw the guilty plea should have been reviewed under the PCRA. *See* 42 Pa.C.S.A. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that

exist when this subchapter takes effect. . . ."). Although the Court noted that both the defendant's PCRA petition and motion to withdraw guilty plea were denied because he was no longer serving a sentence, *see* 42 Pa.C.S.A. § 9543(a)(1), the Court did not address the distinct issue of whether the relief requested was cognizable under the PCRA.

---

his plea and that he knowingly and voluntarily decided to enter the plea. "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established."

*Rush, supra* at 808 (citations omitted).

■ Finally, we compare the various standards for allowing withdrawal of pleas. The comment to Rule 591, Withdrawal of Plea of Guilty or *Nolo Contendere*, provides that after the Commonwealth "has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." Pa.R.Crim.P 591, *comment* (citing *Commonwealth v. Randolph*, 553 Pa. 224, 718 A.2d 1242 (1998)).

[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." Under certain circumstances, a defendant who enters a guilty plea after the court communicates an incorrect maximum sentence may be considered to have entered her plea unknowingly and involuntarily.

*Commonwealth v. Pantalion*, 957 A.2d 1267, 1271–72 (Pa.Super.2008) (citations omitted). However, Rule 550 and case authority provide no similar criteria for evaluating a motion to withdraw a plea made before the magisterial district court.

■ "There is no absolute right to withdraw a guilty plea." *Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa.Super.2009), *appeal denied*, 992 A.2d 885 (Pa. 2010). However, "an accused has an absolute right to appeal[.] Pa. Constitution, Article V, § 9." *Commonwealth v. Franklin*, 823 A.2d 906, 908 (Pa.Super.2003).

A person who pleads guilty to a summary offense, a lesser offense than a misdemeanor, may under Rule of Criminal Procedure 460 file a notice of appeal with the Court of Common Pleas. *See* Pa. R.Crim.P. 460(A) (providing appeal may be taken in summary proceeding by filing notice of appeal within thirty days of guilty plea, conviction, or final order). "When a defendant appeals after the entry of a guilty plea ... in any summary proceeding ... the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury."[11] Pa.R.Crim.P. 462(A).

Meanwhile, Rule 720(B) provides that a "defendant in a court case **shall** have the right to make a post-sentence motion" within ten days of the imposition of sentence. Pa.R.Crim.P. 720(A)(1), (B)(1)(a) (emphasis added). A post-sentence motion "may include: ... a motion challenging the validity of a plea of guilty...." Pa. R.Crim.P. 720(B)(1)(a)(i). Although Rule 720(D) specifically proscribes a "post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas," there is no similar exclusion for misdemeanor convictions in the magisterial district court. *See* Pa. R.Crim.P. 720(D).

■ In light of the foregoing, we agree with Appellant that it would be unduly severe to find that no review whatsoever is available to a defendant who fails to act within the ten-day period set by Rule

11. Generally, "[t]he verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial." Pa. R.Crim.P. 462(F).

550(D) for withdrawing a guilty plea to a misdemeanor. Accordingly, we read Rule 550 and its comment together to find that within thirty days of the transfer of a case from the magisterial district court, a defendant may file an appeal with the court of common pleas to contest the validity of the plea.[12] We emphasize that the determination of whether a defendant's plea was made knowingly, voluntarily, and intelligently, should be made by the trial court, which can develop a factual record.

Here, the case was transferred from the magisterial district court to the Court of Common Pleas, pursuant to Rule 550(E). The Court of Common Pleas then had "exclusive jurisdiction over the case," including the plea, and the case should have then "proceed[ed] in the same manner as any other court case." *See* Pa.R.Crim.P. 550, *comment.* Appellant filed, within thirty days of the imposition of sentence,[13] a summary appeal with the Court of Common Pleas and an appeal with this Court. In the interest of fairness, we remand this case for the trial court to hear Appellant's "summary appeal" as an appeal under Rule 550. The court shall make a factual record addressing whether Appellant's plea was made knowingly, voluntarily, and intelligently, and review whether the magisterial district court supplemented the printed advisory on her plea form with an oral on-the-record colloquy inquiring into, at a minimum, the seven areas identified in the comment to Rule 550. *See* Pa. R.Crim.P. 550, *comment; Rush, supra.* If the court then allows withdrawal of the plea, it shall proceed with a trial *de novo*.

*See* Pa.R.Crim.P. 550, *comment* ("The case would thereafter proceed in the same manner as any other court case.").

Commonwealth's motion denied. Case remanded. Jurisdiction relinquished.

---

**12.** We note this is somewhat analogous to the procedure set forth in Rules of Criminal Procedure 1000 to 1013, governing pleas entered in a Philadelphia Municipal Court, who has jurisdiction to hear misdemeanor cases. *See* Pa.R.Crim.P. 1001(A). Under those rules, a defendant has the right to challenge a plea with the Municipal Court within ten days of sentencing, and the right to appeal to the Court of Common Pleas within thirty days of the order disposing of his motion. Pa. R.Crim.P. 1006(2)(a), (b), (d), *comment.*

**13.** The magisterial district court's payment order was dated August 4, 2009, and Appellant's summary appeal and notice of appeal were filed September 3, 2009.