J-S73010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMIE DUNCAN MCCABE, | |
| Appellant | No. 50 MDA 2014 |

Appeal from the Judgment of Sentence December 9, 2013
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001871-2012

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 04, 2014**

Jamie Duncan McCabe appeals from the judgment of sentence of one to two and one-half years incarceration imposed by the trial court after he pled guilty to driving under the influence of drugs ("DUI") and possession of cocaine.  We affirm.

We glean the following facts from the affidavit of probable cause contained in Appellant's criminal complaint.  On June 28, 2011, Pottsville Police responded to the 800 block of Grant Street in Pottsville due to a report of an individual parked in the middle of the roadway obstructing traffic.  Officer Richard Pugh arrived on the scene at approximately 7:30 a.m. He observed a black Ford sport utility vehicle blocking the street.  When he approached, he saw that the vehicle's engine was running and the transmission was in drive.  Accordingly, he reached through the driver's side

window and placed the vehicle in park. Appellant was seated in the driver's seat and remained oblivious to the officer's actions.

Appellant had difficulty awakening, and his eyes were glassy and extremely bloodshot. According to the officer, Appellant was disoriented, had difficulty answering questions, and was speaking with slow slurred speech. Officer Pugh asked Appellant to exit the vehicle. Upon alighting from the car, Appellant had difficulty standing. Appellant failed field sobriety tests and was placed under arrest. As a result of the arrest, a search incident to arrest was conducted. The search of Appellant's person yielded two small clear baggies containing a white powder substance that tested positively for cocaine. In addition, blood tests confirmed that Appellant had the presence of cocaine, cocaine metabolites, Alprazolam, and Phenobarbital in his system.

Appellant initially pled guilty on May 24, 2013; however, he withdrew that plea. Thereafter, Appellant again entered a guilty plea on August 16, 2013. Nonetheless, the court permitted him to withdraw that plea. The instant guilty plea occurred on October 18, 2013. On the date of sentencing, December 9, 2013, prior to his sentence being imposed, Appellant moved to withdraw his guilty plea. Appellant did not assert his innocence. The Commonwealth objected, claiming that Appellant was gaming the system and that he had entered his plea on the date of jury selection. It added that it was prejudiced by Appellant's latest attempt to withdraw his plea and that the reasons he provided were known before the entry of his plea.

The court declined to allow Appellant to withdraw his plea and imposed a sentence of one year to two and one-half years on the possession charge and a concurrent sentence of three to six months for the DUI. This timely appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored its decision. The matter is now ripe for this Court's review. Appellant's sole issue on appeal is "whether the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea prior to sentencing?" Appellant's brief at 6.

"There is no absolute right to withdraw a guilty plea. Nevertheless, prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for any fair and just reason, provided there is no substantial prejudice to the Commonwealth." *Commonwealth v. Walker*, 26 A.3d 525, 529 (Pa.Super. 2011) (citations and quotation marks omitted); *see Commonwealth v. Randolph*, 718 A.2d 1242 (Pa. 1998); *Commonwealth v. Forbes*, 299 A.2d 268 (Pa. 1973); *Commonwealth v. Katonka*, 33 A.3d 44 (Pa.Super. 2011) (*en banc*). An assertion of innocence has consistently been held to constitute a fair and just reason to

withdraw a plea. **Randolph**, **supra**; **Forbes**, **supra**; **Commonwealth v. Gordy**, 73 A.3d 620 (Pa.Super. 2013).[1]

With regard to prejudice, our Supreme Court has held that prejudice arises when a pre-sentence motion for withdrawal occurs after the Commonwealth has dismissed a key witness. **Commonwealth v. Ross**, 447 A.2d 943 (Pa. 1983). Similarly, this Court in **Commonwealth v. Cole**, 564 A.2d 203 (Pa.Super. 1989) (*en banc*), determined that prejudice existed where a key witness left the jurisdiction after the entry of the plea. In addition, this Court has recognized prejudice where a pre-sentence withdrawal motion is submitted at the last instant in a case involving child sex abuse where family member witnesses, though available, were reluctant to testify and the delay would have "dulled the five year old child victim's recall of events[.]" **Commonwealth v. Carr**, 543 A.2d 1232, 1234 (Pa.Super. 1988).

_____

[1] We acknowledge that despite this Court's repeated requests for **Commonwealth v. Forbes**, 299 A.2d 268 (Pa. 1973), to be re-examined in light of advancements in guilty plea proceedings, **see Commonwealth v. Turiano**, 601 A.2d 846, (Pa.Super. 1992); **Commonwealth v. Iseley**, 615 A.2d 408 (Pa.Super. 1992); **Commonwealth v. Rish**, 606 A.2d 946 (Pa.Super. 1992); **Commonwealth v. Cole**, 564 A.2d 203 (Pa.Super. 1989) (*en banc*), our Supreme Court rebuked this Court in **Commonwealth v. Randolph**, 718 A.2d 1242 (Pa. 1998), and indicated that a bald assertion of innocence is sufficient to warrant a pre-sentence guilty plea withdrawal. However, the Pennsylvania Supreme Court has granted allowance of appeal in a case to consider whether a trial court may decline to permit a pre-sentence withdrawal where it finds that an assertion of innocence is insincere. **Commonwealth v. Carrasquillo**, 86 A.3d 830 (Pa. 2014) (allowance of appeal granted).

We add, as the Commonwealth astutely points out, that in **Commonwealth v. Iseley**, 615 A.2d 408 (Pa.Super. 1992), this Court declined to extend the **Forbes** rationale to cases where the defendant had previously been permitted to withdraw his guilty plea. The **Iseley** Court did recognize that a claim of innocence ordinarily is a fair and just reason to withdraw a pre-sentence plea. However, because Iseley had already successfully withdrawn his guilty plea once, we held that, absent extraordinary circumstances, his assertion of innocence was insufficient to warrant a second withdrawal.

Here, although Appellant argues that he asserted his innocence, the record belies that claim. Indeed, the sentencing court expressly placed on the record that Appellant was not asserting that he was innocent and Appellant did not challenge these claims. **See** N.T., 12/9/13, at 4 (Sentencing Court setting forth, "that has nothing to do with whether he's innocent or guilty of these charges."); **id**. at 8 (court opining that reasons for withdrawal "has nothing to do with whether he committed the offenses or not."). Appellant's reasons for withdrawing his plea were that he had additional open cases, concerns regarding his prior record score, and discovery issues. Accordingly, even if this were Appellant's first attempt to withdraw his plea, he did not establish a fair and just reason for withdrawal of his plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/4/2014</u>