J-S53009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY BRICKHOUSE | |
| Appellant | No. 1888 MDA 2015 |

Appeal from the Judgment of Sentence October 8, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000395-2015

BEFORE:  BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 22, 2016**

Larry Brickhouse appeals from the judgment of sentence of thirty-seven days to twelve months imprisonment that was imposed after Appellant pled guilty to disorderly conduct.  We affirm.

Appellant was charged with simple assault, harassment by subjecting another person to physical contact, and disorderly conduct.  The events underlying these charges were as follows.  At 3:30 a.m. on February 8, 2015, a newspaper delivery driver saw Ellsbhet E. Beltran walking on Ghaner Drive, Patton Township.  She was not wearing shoes, was clothed only in a bra and spandex pants, and was bleeding from her nose.  The driver called police.  Patton Township police spoke with Ms. Beltran who said that she hurt herself when the vehicle in which she was riding crashed.

_____

* Former Justice specially assigned to the Superior Court.

At the same time that the police were summoned to aid Ms. Beltran, the cashier at a nearby Sheetz store called police to report that a man had pulled into the parking lot in a Buick with a smashed windshield and that the male had blood all over his white T-shirt. The cashier was able to provide a partial license plate number. The two incidents were related, and police linked Appellant to the car.

Patton Township police knew that Appellant lived in an apartment above Sichuan Bistro restaurant on West College Avenue, State College, and they asked State College police to check if Appellant was at home. In the apartment, State College police saw blood and blood splatter and found Ms. Beltran's shirt. Items were knocked over, and it appeared as if a domestic assault had occurred. Sichuan Bistro's owner confirmed to police that Appellant lived above the restaurant, and the owner said that, earlier that day, he heard Appellant and Ms. Beltran arguing in the apartment and then "thumping noises." Affidavit of Probable Cause, 2/8/15, at 1.

Meanwhile, Patton Township police took Ms. Beltran to Mount Nittany Medical Center. Ms. Beltran had a bloody nose and appeared to have been struck in the face. Ms. Beltran admitted that she had not been in a car accident and that, instead, she had argued with Appellant. Ms. Beltran told police, "[Appellant] physically assaulted me." *Id*. at 2.

While Patton Township police were attending to Ms. Beltran, State College police searched for Appellant, who was found in his parked Buick

sleeping near Ms. Beltran's apartment. Appellant was wearing a ripped and bloody T-shirt and had scratch marks on his right arm and neck. Appellant acknowledged that he and Ms. Beltran had argued and, while he denied striking her, he admitted that his car had not been involved in an accident.

On June 1, 2015, Appellant pled guilty to the disorderly conduct offense, graded as a third-degree misdemeanor, and the other charges were withdrawn. The Commonwealth also agreed to recommend a sentence of time served to twelve months. Before sentencing, Appellant moved to withdraw that plea on the grounds that he was innocent in that Ms. Beltran had "some serious credibility issues." N.T. Hearing, 8/6/15, at 2. Appellant maintained that he did not strike Ms. Beltran and that, instead, she was injured when she "slammed the gear shift into park slamming her head against the windshield." *Id*. The motion was denied, and, on October 8, 2015, the court sentenced Appellant to thirty-seven days to twelve months imprisonment and immediately released him on parole. This timely appeal followed, and Appellant presents this issue: "Did the sentencing judge commit an error of law in denying [Appellant's] motion to withdraw his guilty plea prior to sentencing?" Appellant's brief at 5.

Under Pa.R.Crim. 591, a trial court may, in its discretion, allow a defendant to withdraw a guilty plea at any time before sentence is imposed. Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct,

*sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."). Our standard of review in this context is as follows.

> The standard of review that we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled. "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any 'fair and just' reasons for withdrawing his plea absent 'substantial prejudice' to the Commonwealth." **Commonwealth v. Pardo**, 35 A.3d 1222, 1227 (Pa.Super. 2011) (quoting **Commonwealth v. Prysock**, 972 A.2d 539, 541 (Pa.Super. 2009); citing **Commonwealth v. Anthony,** 504 Pa. 551, 475 A.2d 1303, 1308 (1984)). In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Pa.R.Crim.P. 591(A).

**Commonwealth v. Elia**, 83 A.3d 254, 261–62 (Pa.Super. 2013).

In **Commonwealth v. Forbes**, 299 A.2d 268 (Pa. 1973), and **Commonwealth v. Randolph**, 718 A.2d 1242 (Pa. 1998), the Court articulated that a defendant's bare assertion of innocence, standing alone, required that a defendant be permitted to withdraw his guilty plea if sentence has not been imposed. The strictures of **Forbes** and **Randolph**, mandating the grant of a pre-sentence motion to withdraw a guilty plea upon a bald assertion of innocence, were abrogated by the simultaneously-issued pronouncements in **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), and **Commonwealth v. Hvizda**, 116 A.3d 1103 (Pa. 2015). In **Carrasquillo**, the Court stated that a "bare assertion of innocence is not, in

and of itself, a sufficient reason to **require** a court to grant" a pre-sentence request to withdraw a guilty plea. **Carrasquillo**, **supra** at 1285 (emphasis added).

In **Carrasquillo**, the trial court denied the defendant's pre-sentence request to withdraw his guilty plea based upon a finding that his claim of innocence, which was premised upon the existence of vast governmental scheme to frame him, was implausible and insincere. In determining that the defendant's avowal of innocence was not credible, the trial court relied upon the evidence of guilt available to convict him.

Our High Court in **Carrasquillo** reinforced that the trial court has the discretion to determine whether withdrawal will be granted as well as the precept that "such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." **Id**. at 1292. However, **Carrasquillo** retracted the bright-line approach that permitted withdrawal based upon a bald and unsupported claim of innocence. It was "persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." **Id**. Our High Court announced that "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration,

under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id*.; *Hvizda*, *supra* (upholding trial court's refusal to allow pre-sentence withdrawal of guilty plea where denial was premised upon a finding of implausibility of defendant's claim of innocence, which was unsupported, and upon evidence of guilt).

In the present case, the trial court determined that Appellant asserted a "bare assertion of innocence" and that he did not level a plausible and "colorable demonstration that fairness and justice would be promoted by" allowing the plea to be withdrawn. Trial Court Opinion, 9/14/15, at 2. We conclude that the trial court did not abuse its discretion in rejecting Appellant's avowal of innocence as implausible.

Appellant suggests that the victim was not credible when she blamed her injuries on an assault by Appellant and that she was injured in a car accident. Appellant, however, overlooks substantial evidence supporting Ms. Beltran's statement to police at the medical facility that Appellant struck her. When arrested, Appellant had blood on his T-shirt and denied that his car had been in an accident. On the night of the incident, police found blood, blood spatters, and Ms. Beltran's shirt in Appellant's apartment, which was in disarray. Appellant's landlord overheard Appellant and Ms. Beltran arguing and then heard thumping noises. Given this evidence, the trial court was justified in rejecting Appellant's unsupported suggestion that he was

innocent in that Ms. Beltran was not credible when she said that her bloody nose and facial injuries were caused by Appellant.

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016