J-A13003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMMANUEL DAVIS, | |
| Appellant | No. 909 WDA 2015 |

Appeal from the Judgment of Sentence May 7, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001693-2013

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 12, 2016**

Appellant, Emmanuel Davis, appeals from the judgment of sentence entered on May 7, 2015, challenging the denial of his pre-sentence motion to withdraw his guilty plea.  We affirm.

The trial court briefly set forth the facts and procedural history of this case as follows:

> [Appellant] was charged with drug offenses arising from a criminal incident that took place on March 6, 2012.  Multiple defense continuances were granted until [Appellant] accepted a plea to Count 1, possession with intent to deliver 0.38 grams of cocaine, 35 P.S. § 780-113(a)(30), an ungraded felony offense.  The plea hearing was held on December 4, 2014, and sentencing was scheduled for January 6, 2015.  On that date, [Appellant] appeared with counsel [] and requested a continuance for medical reasons.  The [trial court] rescheduled sentencing for March 24, 2015.  Less than a week prior to sentencing, [Appellant] filed a counseled motion to withdraw his guilty plea, citing innocence and an unknowing, involuntary plea.

On March 24, 2015, the Commonwealth presented the testimony of Detective Kevin Price, who stated that he had mistakenly destroyed the laboratory-analyzed drugs, which would be essential to the prosecution of [Appellant's] case at trial. [Defense counsel] argued that any prejudice to the Commonwealth in trying its case, due to the loss of the drug evidence, was no fault of [Appellant], and contended that [Appellant] maintain[ed] his innocence and ha[d] an absolute right to withdraw his guilty plea. [Appellant did not present] evidence in support of this assertion. The [trial court] requested transcription of the guilty plea [hearing] and memorand[a] [from both parties], and following review of the submitted briefs and record, the hearing was rescheduled.

On May 7, 2015, the [Commonwealth] reiterated its position as did [defense counsel], asserting that [Appellant] maintained his innocence and wanted to proceed to trial. The [trial court] denied the motion to withdraw and proceeded to sentence [Appellant] within the standard sentencing guideline range, to two to four years' incarceration.

Trial Court Opinion, 7/15/2015, at 1-2 (record citation omitted). This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

Whether the [trial] court erred in denying [Appellant's] motion to withdraw [his] guilty plea filed prior to sentencing?

Appellant's Brief at 4 (complete capitalization omitted).

_____

[1] Appellant filed a notice of appeal on June 5, 2015. On June 10, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on June 17, 2015. On July 15, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant argues that he maintained his innocence prior to sentencing and the trial court erred by failing to withdraw his plea. *Id.* at 8. Appellant relies primarily on our Supreme Court's decisions in ***Commonwealth v. Forbes***, 299 A.2d 268 (Pa. 1973) and ***Commonwealth v. Randolph***, 718 A.2d 1242 (Pa. 1998) for the proposition "that a mere assertion of innocence was a fair and just reason for pre-sentence withdrawal of a guilty plea absent substantial prejudice to the Commonwealth." *Id.* Regarding prejudice, Appellant argues:

> The [Commonwealth] avers that it has been substantially prejudiced because it destroyed evidence prior to sentencing. The [Commonwealth's] witness stated that the protocol for destruction of evidence is after the 30-day appeal period has terminated. The 30-day appeal period [had not run before the evidence was destroyed]. The Commonwealth has not been substantially prejudiced by the actions of [Appellant]. If the Commonwealth has been prejudiced, it has been prejudiced by [its] own conduct and [in] violation of [its] own protocol.

*Id.* at 10.

In response, the Commonwealth contends that a bare assertion of innocence is not a sufficient reason to grant the withdrawal of a pre-sentence guilty plea. Commonwealth's Brief at 6. The Commonwealth relies upon our Supreme Court's pronouncement in ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), a decision filed on June 15, 2015, after the submission of Appellant's pre-sentence request to withdraw his plea and after the imposition of sentence in this case. ***Carrasquillo*** states that the proper inquiry for the pre-sentence withdrawal of a guilty plea "is

whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of a plea would promote fairness and justice."[2]  Commonwealth's Brief at 6, *citing* **Carrasquillo**, 115 A.3d at 1292.  The Commonwealth posits that Appellant avoids **Carrasquillo** by simply not citing it, relying instead upon the 1973 **Forbes** decision, contrary to prevailing law.  **Id.** at 7-8.  Furthermore, the Commonwealth suggests Appellant bears the burden to show a lack of substantial prejudice and that, under the circumstances of this case, "the inadvertent destruction of evidence constitutes substantial prejudice." **Id.** at 9, *citing* **Commonwealth v. Kirsch**, 930 A.2d 1282, 1287 (Pa. Super. 2007).

The standard of review that we employ in challenges to a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea is well-settled:

> A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth. In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence.  Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed. The policy underlying this liberal exercise

---

[2]  The trial court, likewise, relied upon **Carrasquillo** in its Pa.R.A.P. 1925(a) opinion setting forth its reasons for denying Appellant's request for relief.

of discretion is well-established: The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution. In *Forbes*, our Supreme Court instructed that, in determining whether to grant a pre[-]sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice.

*Commonwealth v. Elia*, 83 A.3d 254, 261–262 (Pa. Super. 2013).

While *Carrasquillo* was decided after the trial court denied Appellant's request to withdraw his plea and imposed its sentence, we adhere to the "general rule in Pennsylvania [that applies] the law in effect at the time of the appellate decision." *Commonwealth v. Housman*, 986 A.2d 822, 840 (Pa. 2009). The *Carrasquillo* Court determined:

there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Carrasquillo*, 115 A.3d at 1291–1292 (footnote omitted). More specifically, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre[-]sentence withdrawal of a plea." *Id.* at 1292. The Supreme Court concluded that "a *per se* approach" to allowing pre-sentence withdrawal of a guilty plea on a mere assertion of innocence "is unsatisfactory." *Id.* The *Carrasquillo* Court noted that in evaluating a pre-sentence request to withdraw a guilty plea, courts could

consider the timing of the innocence claim. *Id., citing **Forbes***, 299 A.2d at 272 ("Obviously, the appellant, by his assertion of innocence—so early in the proceedings, *i.e.*, one month after the initial tender of a plea,—offered a 'fair and just' reason for withdrawal of the plea.") (brackets omitted).

Here, the trial court concluded it "was presented with no more than a bare assertion of [Appellant's] innocence, and [it could not] discern [a] plausible nor colorable showing within the record which would demonstrate that withdrawal would promote fairness and justice." Trial Court Opinion, 7/15/2015, at 2. In support of its decision, the trial court highlighted the fact that, in this case, there was a "three-year delay, attributable to [Appellant], between his arrest and his motion to withdraw, which contributed to the accidental destruction of the drug evidence." *Id.* at 3.

We discern no abuse of discretion. Appellant relies exclusively on a bare assertion of his innocence. However, as discussed above, our Supreme Court has condemned a *per se* approach to allowing the withdrawal of a pre-sentence guilty plea on such a basis. Appellant's unsupported assertion of innocence, after a three-year delay of his own making and one week before sentencing, is not a plausible demonstration that withdrawal of his plea would promote fairness and justice. Hence, we agree that withdrawal of Appellant's guilty plea was not proper. Accordingly, Appellant's sole appellate issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2016