J-S31023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADRIAN JIMENEZ | : | |
| | : | |
| Appellant | : | No. 3535 EDA 2017 |

Appeal from the Judgment of Sentence June 15, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003985-2015

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 10, 2018**

Adrian Jimenez appeals from the judgment of sentence, entered in the Court of Common Pleas of Lehigh County, following the denial of his pre-sentence motion to withdraw his guilty plea.  After review, we affirm.

On January 3, 2017, Jimenez pleaded guilty to involuntary deviate sexual intercourse,[1] sexual abuse of a child,[2] and two counts of corruption of minors.[3]  The trial court subsequently ordered a pre-sentence investigation ("PSI") report and a Sexual Offenders Assessment Board ("SOAB") evaluation; consequently, the trial court deferred sentencing to a later date.  Prior to sentencing, Jimenez filed a motion to withdraw his guilty plea, and on March

_____

[1] 18 Pa.C.S.A. § 3101.

[2] 18 Pa.C.S.A. § 6312.

[3] 18 Pa.C.S.A. § 6301.

28, 2017, the trial court held a hearing, after which it denied his motion. On June 15, 2017, following review of Jimenez's PSI and SOAB evaluation, the trial court deemed Jimenez a sexually violent predator ("SVP") and sentenced him to 20 to 40 years' incarceration in a state correctional institution.

On June 22, 2017, Jimenez filed a timely post-sentence motion challenging the denial of his motion to withdraw guilty plea. Both Jimenez and the trial court have complied with Pa.R.A.P. 1925. On appeal, Jimenez raises the following issue for our review: "Should the [trial] court have allowed [Jimenez] to withdraw his guilty plea prior to sentencing because [his] plea . . . was not knowing, intelligent and voluntary[.]" Brief of Appellant, at 4.

Jimenez argues that trial court erred in denying his motion for withdrawal of guilty plea where: (1) he is innocent; and (2) plea counsel failed to prepare him for trial and compelled him to plead guilty.

> The standard of review that we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled. A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth.

*Commonwealth v. Elia*, 83 A.3d 254, 261 (Pa. Super. 2013) (citations and quotations omitted).

Although there is no absolute right to withdraw a guilty plea, trial courts have discretion in determining whether a withdrawal request will be granted;

such discretion is to be administered liberally in favor of the accused. ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292-93 (Pa. 2015). Nevertheless, prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for any fair and just reason, provided there is no substantial prejudice to the Commonwealth." ***Commonwealth v. Walker***, 26 A.3d 525, 529 (Pa. Super. 2011) (citations and quotation marks omitted); ***see Commonwealth v. Randolph***, 718 A.2d 1242 (Pa. 1998); ***Commonwealth v. Katonka***, 33 A.3d 44 (Pa. Super. 2011) (en banc).

An assertion of innocence has consistently been held to constitute a fair and just reason to withdraw a plea. ***Randolph***, ***supra***; ***Commonwealth v. Gordy***, 73 A.3d 620 (Pa. Super. 2013). However, a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea; instead, a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre-sentence withdrawal of the plea. Pa.R.Crim.P. 591(A). ***See Commonwealth v. Baez***, 169 A3d 35, 39 (Pa. Super. 2017).

Furthermore, a court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. The colloquy must inquire into the following areas:

> 1. Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> 2. Is there a factual basis for the plea?

3. Does the defendant understand that he or she has the right to trial by jury?

4. Does the defendant understand that he or she is presumed innocent until found guilty?

5. Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

6. Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Pollard*, 832 A.2d 517, 522-23 (Pa. Super. 2003) (citations and quotation marks omitted). Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. *Id.*

Here, the trial court found Jimenez did not make a plausible claim of innocence. At Jimenez's guilty plea hearing, the Commonwealth presented a video depicting him engaging in sex acts with a five-year old child. The child's seven-year old sibling filmed the video using Jimenez's smart phone. The video also depicts a third two-year old sibling walking in and out of the room. Additionally, the Commonwealth admitted into evidence several still photographs of child pornography and five other videos depicting child pornography found on Jimenez's smart phone. At his guilty plea withdrawal hearing, Jimenez conceded he and the three children were, in fact, the individuals depicted in the video, but went on to state as follows:

> Like these charges in here[,] if you look at the video[4] that I am being accused of – like there is two charges in here that is not even in the video[.][5]  [I]f you look at it, and I[ am] being charged for them, you know what I mean, and I cannot plead guilty to something I didn't do when you look at the video. [sic]

N.T. Guilty Plea Withdrawal Hearing, 3/28/17, at 7.  Jimenez's bald assertion of innocence in the face of overwhelming evidence against him is inexplicable. Therefore, we do not find the trial court abused its discretion in determining Jimenez's declaration of innocence was incredible and implausible.  ***See Carrasquillo***, 115 A.3d at1292-93 (trial court acted within its discretion in denying sex offense defendant's motion to withdraw guilty plea where bizarre statements by defendant in association with his declaration of innocence wholly undermined its plausibility, particularly in light of Commonwealth's strong evidentiary proffer at plea hearing).

Moreover, the record belies Jimenez's claim that counsel's inaction compelled him to plead guilty.  At Jimenez's guilty plea hearing, the following exchange with the trial court occurred:

> THE COURT:  Has anybody used any force or threatened you in order to get you to plead guilty today?

___

4 Specifically, the video depicts Jimenez lying on his back on his bed while he performs oral sex on a nude child sitting on his face.  The child's partially nude sibling filmed the video.  The children's grandmother verified Jimenez and the children's identities to police.  The video was so shocking and unseemly that the trial court stated on the record that it did not wish to view it and cleared the courtroom before playing the video.  N.T. Guilty Plea Withdrawal Hearing, 3/28/17, at 8-9.

5 Neither Jimenez nor his third counsel, Robert Long, Esquire, specified what "two charges" he was referring to when he alleged the video did not prove beyond a reasonable doubt that he is guilty of said charges.

[JIMENEZ]: No.

[Q]: Are you pleading guilty of your own free will?

[A]: Yes.

[Q]: Do you understand what you[ are] doing by pleading guilty?

[A]: Yes.

[Q]: Are you satisfied with the services of your attorney?

[A]: Yes.

N.T. Guilty Plea Hearing, 1/3/17, at 32. At no point during Jimenez's guilty plea hearing did he indicate any displeasure with counsel's performance and/or strategy. Regarding Jimenez's allegation that counsel failed to prepare for trial, Jimenez stated as follows:

COUNSEL: And a couple of weeks ago you called me and indicated that you wished to withdraw your guilty plea; is that correct?

JIMENEZ: Correct.

Q: And you are guilty of the charges that you had pled guilty to?

A: No.

Q: Why did you plead guilty if you were not guilty?

A: Well, I was – being that you just rushed thing into like – well, he just – I thought I was being set for failure for all of this. He was not even ready for trial. He had me losing this case. He wasn't preparing me at all for this case. He just said let's go to

> trial. He never came to see me at all to get me ready for anything. He never came to me and fought for any charges.[6] [sic]

N.T. Guilty Plea Withdrawal Hearing, 3/28/17, at 6-7. Beyond these bald assertions, Jimenez offered no evidence in support of his claim his plea was involuntary and/or any possible defenses. The record discloses no indicia that Jimenez was involuntarily compelled to plead guilty. Furthermore, Jimenez's assertion of innocence is disingenuous and undermined by the record. Therefore, we do not find the trial court abused its discretion in determining Jimenez's guilty plea was voluntary and denying his motion to withdraw his plea.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/18

---

[6] Attorney Long did not refute or confirm Jimenez's account of the quality of his representation leading up to and during his guilty plea hearing. Rather, Attorney Long argued that Jimenez, notwithstanding the quality of counsel's representation, had met his burden, pursuant to **Carrasquillo**, to withdraw his guilty plea. **See** N.T. Guilty Plea Withdrawal Hearing, 3/28/17, at 25-26.