**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Paul Frank KATONKA, Appellant.**

Superior Court of Pennsylvania.

Argued June 7, 2011.
Filed Oct. 19, 2011.

---

James P. Silvis, Greensburg, for appellant.

Judith P. Petrush, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., FORD ELLIOTT, P.J.E., MUSMANNO, BENDER, GANTMAN, DONOHUE, ALLEN, LAZARUS and OLSON, JJ.

**OPINION BY MUSMANNO, J.:**

Paul Frank Katonka ("Katonka") appeals from the judgment of sentence entered following his guilty plea to various charges arising from the sexual abuse of his stepdaughter. We vacate the judgment of sentence and remand for further proceedings.

The Commonwealth charged Katonka with multiple crimes alleging improper sexual contact with his young stepdaughter. The conduct began when the child was eight years old in 2003 and continued until 2008. On September 29, 2008, Katonka reached a plea agreement with the Commonwealth. In exchange for his guilty plea, the Commonwealth agreed to recommend an aggregate sentence of ten to twenty years in prison followed by fifteen years of probation. In accordance with the agreement, Katonka tendered his guilty plea. The trial court deferred sentencing pending an evaluation by the Sexual Offenders Assessment Board.

On February 16, 2009, *before sentencing,* Katonka filed a Motion to withdraw his guilty plea. Katonka did not assert his innocence in the written Motion. However, at the subsequent hearing on the Motion to withdraw the plea, Katonka asserted his innocence. Katonka reiterated his innocence at a second hearing. Following the second hearing, the trial court found Katonka's assertion of innocence to be incredible, and denied the Motion to withdraw the guilty plea. The trial court subsequently sentenced Katonka to a prison term of ten to twenty-five years, to be followed by fifteen years of probation. The trial court also found Katonka to be a sexually violent predator.

Katonka filed a timely Notice of appeal. The trial court ordered Katonka to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement. Katonka filed

a timely Concise Statement and the trial court issued an Opinion.[1] Initially, on appeal, a majority of a three-judge panel of this Court vacated the judgment of sentence and remanded the case for trial. The Honorable Paula Ott filed a dissenting Memorandum. The Commonwealth then filed an Application for reargument *en banc*, which was granted.

Katonka raises the following question for our *en banc* review: "Did the [trial] court err in denying [Katonka's] Motion to withdraw guilty plea[?]" Brief for Appellant at 3.

Katonka contends that the trial court erred in denying his Motion to withdraw the guilty plea prior to sentencing. *Id.* at 7. Katonka argues that the Motion should have been granted because he asserted his innocence, his plea was not knowing and voluntary, and he was unaware of possible exculpatory evidence that could be used in his defense. *Id.* at 7–8. Katonka asserts that the trial court erred in relying on the fact that he delayed asserting his innocence to deny his Motion. *Id.* at 8–10. Katonka further asserts that the trial court erred in discrediting his assertion of innocence as a basis for withdrawing the plea. *Id.* at 9–10.

We note that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A); *see also Commonwealth v. Walker*, 26 A.3d 525 (Pa.Super.2011).

In its seminal decision in *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268, 271 (1973), the Supreme Court of Pennsylvania set forth the parameters for determining whether a request to withdraw a guilty plea, made prior to sentencing, should be granted. In *Forbes*, the appellant pled guilty to various crimes stemming from an assault, robbery, and murder of a victim. *Id.* at 269. At a subsequent hearing, prior to sentencing, the appellant stated that he wished to withdraw his guilty pleas because he did not "want to plead guilty to nothing [he] didn't do." *Id.* The appellant later abandoned this request, but it became clear that his decision was based upon defense counsel's threat to withdraw from the case. *Id.* at 270. The trial court nevertheless proceeded to sentence appellant to life in prison based upon a finding that appellant was guilty of first-degree murder. *Id.* On appeal, the appellant asserted that the trial court erred in denying his original request to withdraw his guilty plea, which was made prior to sentencing, once it became clear that he abandoned this request based on his counsel's coercion. *Id.*

The *Forbes* Court agreed and held that "although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing … should be liberally allowed." *Id.* at 271. The Supreme Court then fashioned a test to apply in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea: "the test to be applied by the trial courts is fairness and justice." *Id.* The Supreme Court held that the mere articulation of innocence was a "fair and just" reason for the pre-sentence withdrawal of a guilty plea unless the Commonwealth has demonstrated that it would be substantially prejudiced. *Id.* Applying these

---

1. We note that the Commonwealth asserts that Katonka's issue on appeal is waived because his Concise Statement was too vague. Brief for the Commonwealth at 10–11. Upon our review of Katonka's Concise Statement, we disagree with the Commonwealth's assertion and conclude that Katonka properly preserved the claim on appeal.

standards to the relevant facts, the Supreme Court determined that the appellant had provided a fair and just reason for withdrawing his plea and that the Commonwealth would not be prejudiced by the withdrawal. *Id.* at 272.

Subsequently, in *Commonwealth v. Randolph,* 553 Pa. 224, 718 A.2d 1242 (1998), the Supreme Court of Pennsylvania re-affirmed the reasoning employed in *Forbes* and rejected an attempt by the trial court to assess the credibility of a defendant's declaration of innocence in the context of withdrawing a guilty plea before sentencing. The defendant in *Randolph* tendered his guilty plea and admitted the factual basis for the plea at the plea hearing. *Randolph,* 718 A.2d at 1242. However, on the date scheduled for sentencing, the defendant sought to withdraw his guilty plea, asserting that he was "not guilty." *Id.* at 1244. The trial court denied withdrawal of the plea, deeming the defendant's claim of innocence incredible:

> I don't think that there's any valid case here to withdraw the plea. I remember on [the date of the guilty plea] that you were in good health. You admitted these things, and I—unless you have some other reason before I proceed with the sentencing. Is there any other reason? All right, I'm denying the motion to withdraw the guilty plea and we'll proceed to sentencing.

*Id.*

This Court, while acknowledging the Supreme Court's holding in *Forbes,* affirmed and concluded that the defendant "should not be permitted to withdraw his guilty pleas by stating 'I am not guilty of some of the crimes' when his plea is supported by an extensive colloquy where he expressly admitted guilt." *Randolph,* 718 A.2d at 1244. On appeal, the Supreme Court rejected this Court's attempt to avoid the application of *Forbes:*

Initially, we note that the Superior Court, under the guise of distinguishing this matter from *Forbes,* found significant [the defendant's] admission that he was not innocent of all the crimes alleged against him. The Superior Court concluded that such a statement does not amount to a declaration of innocence. We find this rationale to be spurious, given [the defendant's] unequivocal testimony at the initial hearing before the trial court that he was seeking to withdraw his pleas because he was "not guilty." Moreover, even if [the defendant] had not made this initial declaration, given the liberal standard articulated in *Forbes* and the lack of prejudice to the Commonwealth, [the defendant's] admission that he was not innocent of all the crimes charged should not have defeated his requested withdrawal. The Superior Court attempted to apply a new standard whereby participation in a plea colloquy results in a defendant's waiver of the rights established by this Court pursuant to *Forbes.*

*Randolph,* 718 A.2d at 1244–45 (citation omitted); *see also id.* at 1245 (admonishing this Court that it was obligated to follow the standards set forth in *Forbes* ). The *Randolph* Court concluded that the defendant offered a fair and just reason for withdrawing his guilty plea by making a clear assertion of innocence, and that the Commonwealth would not suffer prejudice as a result of the withdrawal of the guilty plea. *Id.* at 1244.

Recently, in *Commonwealth v. Tennison,* 969 A.2d 572, 577 (Pa.Super.2009), this Court recognized the holdings in *Forbes* and *Randolph* regarding the withdrawal of a guilty plea, and held that a judge may weigh the totality of the circumstances in determining the sincerity of a defendant's assertion of innocence prior

to sentencing. In *Tennison*, the defendant pled guilty to certain charges, but sought to avoid the impact of the state guilty plea on his sentence in an outstanding federal case. *Tennison*, 969 A.2d at 573. The defendant requested a continuance so that his Pennsylvania convictions would not be factored into his federal sentence. *Id.* In fact, when asked whether he wished to withdraw his plea, the defendant gave the following reply, under oath: "The only reason I was wondering about my plea, if I got sentenced today, it would [a]ffect my Federal sentencing and if that was to happen, yes." *Id.* The trial court ultimately continued the sentencing hearing. *Id.* at 575.

At a subsequent hearing, the defendant moved to withdraw his guilty plea, "as sentencing in his federal case was still pending." *Id.* The defendant claimed that his plea was involuntary because it was induced by the assumption that he would be sentenced in the federal case prior to being sentenced in the state case and that the trial court could eliminate the involuntary nature of the plea if it would continue the case until after the federal sentence was imposed. *Id.* When the Commonwealth objected to the motion to withdraw because it was not based upon a claim of innocence, the defendant added that he had always maintained his innocence of the most serious charges. *Id.* The trial court ultimately denied the motion to withdraw, holding that the defendant's claim of innocence was not credible, and that the defendant is "trying to get the best possible deal." *Id.*

On appeal, this Court affirmed:

Dispositive in both *Forbes* and *Randolph* was that the defendant made a clear assertion of innocence prior to sentencing, such that it qualified as a fair and just reason permitting the pre-sentence withdrawal of the guilty plea. In contrast, [the defendant's instant] conditional assertion of innocence—invoked at the prospect of receiving yet another continuance—was anything but clear. Indeed, no sooner would the assertion be made than it would be completely contradicted by statements admitting guilt should sentencing be deferred until resolution of the federal case. . . .

*Tennison*, 969 A.2d at 577; *see also id.* (stating that while a clear assertion of innocence constitutes a "fair and just reason," a conditional and contradictory assertion of innocence does not). Thus, this Court held that the denial of a motion to withdraw a guilty plea "is proper where the evidence before the court belies the reason offered." *Id.* at 578. Significantly, however, the panel limited its holding to the specific facts of that case. *Id.*

Here, following his entry of the guilty plea, but prior to sentencing, Katonka filed a Motion to withdraw the plea. In the Motion, Katonka asserted that he did not have a full understanding of his guilty plea, and that his counsel did not discuss various defenses, including attacking the credibility of the victim. Motion to Withdraw Guilty Plea, 2/18/09. Katonka did not assert his innocence in the written Motion.

At the subsequent hearing on the Motion, Katonka indicated that he had discovered exculpatory evidence, specifically that he previously was unaware of a doctor's report that could contradict the victim's allegations and therefore form a basis for challenging the victim's credibility. N.T., 3/19/09, at 23–25, 27–28. Katonka further stated that he did not pay attention to the court's colloquy prior to entering his guilty plea. *Id.* at 38–39. The District Attorney then pointed out that Katonka had not asserted his innocence to the charges. *Id.* at 50. At this point, Katonka asserted his innocence. *Id.* The trial court held a sec-

ond hearing on April 30, 2009, wherein Katonka reiterated his innocence. N.T., 4/30/09, at 7.

The trial court rejected Katonka's Motion to withdraw his guilty plea and proceeded to sentencing. *See* Trial Court Opinion, 9/22/09, at 5–6, 7–9; N.T., 4/30/09, at 44–45, 52. The trial court found that Katonka's assertion of innocence was incredible as Katonka had stated that he understood all of the charges and had supplied a detailed confession to the crimes. *See* Trial Court Opinion, 9/22/09, at 5, 8; *see also* N.T., 4/30/09, at 11–15. The trial court also pointed out that Katonka did not raise his assertion of innocence in the written Motion and only made the assertion after the District Attorney pointed out this failure. *See* Trial Court Opinion, 9/22/09, at 4, 9; *see also* N.T., 3/19/09, at 50. The trial court further found that Katonka's other stated reasons for withdrawing the plea were unbelievable and that Katonka only attempted to withdraw the plea because of his unhappiness with the plea deal. *See* Trial Court Opinion, 9/22/09, at 5–6, 8–9. The trial court relies, *inter alia,* upon the reasoning in *Tennison* to support its finding. *See* Trial Court Opinion, 9/22/09, at 7–8.

■ Here, unlike the circumstances in *Tennison,* Katonka specifically asserted that he was innocent of the crimes and this assertion was neither contradictory nor conditioned on some other event. *See* N.T., 4/30/09, at 7; N.T., 3/19/09, at 50; *see also Tennison,* 969 A.2d at 577. The fact that Katonka first asserted his innocence only after being prompted by the District Attorney is of no moment as Katonka asserted his innocence prior to sentencing on two separate occasions without condition, the second without any prompting from the District Attorney. *See* N.T., 4/30/09, at 7; N.T., 3/19/09, at 50; *see also Commonwealth v. Kirsch,* 930 A.2d 1282, 1285

(Pa.Super.2007) (holding that a "bold assertion of innocence" is not required and that a mere assertion of innocence constitutes a fair and just reason for withdrawing the plea). Additionally, contrary to the trial court's reasoning regarding Katonka's failure to raise his assertion of innocence in his written Motion, there is no requisite time or manner in which the assertion must be made prior to sentencing. *See* Pa.R.Crim.P. 591, cmt. (stating that while a withdrawal motion should be filed in writing before the date of the sentencing hearing, nothing in this rule precludes a defendant from making an oral and on-the-record motion to withdraw a plea at a hearing prior to the imposition of sentence). Further, to the extent Katonka's Motion to withdraw his plea was denied merely because he first enunciated alternate bases for his request, we reject this finding. *Forbes* and its progeny do not impose a requirement that a defendant may only raise a single basis, ostensibly an assertion of innocence, in a request to withdraw a guilty plea.

■ In this case, the trial court undertook the same type of analysis condemned by the Supreme Court in *Randolph, i.e.,* rendering a credibility determination as to the defendant's actual innocence. *See Randolph,* 718 A.2d at 1244. Indeed, by pointing to Katonka's statements during his plea colloquy as a basis to conclude his assertion of innocence was incredible and not a fair and just reason for pre-sentence plea withdrawal, the trial court misapplied the relevant law. It is well-noted that "since it is necessary for a criminal defendant to acknowledge his guilt during a guilty plea colloquy prior to the court's acceptance of a plea, such an incongruity will necessarily be present in all cases where an assertion of innocence is the basis for withdrawing a guilty plea." *Kirsch,* 930 A.2d at 1286; *see also Randolph,* 718 A.2d at 1244–45. Thus, partic-

ipation in a plea colloquy does not prevent a defendant from later seeking to withdraw a plea based upon an assertion of innocence. *See Kirsch,* 930 A.2d at 1286 (stating that "it is clear that acknowledging guilt at the plea colloquy does not prevent the later withdrawal upon a later inconsistent assertion of innocence.").

■ Relatedly, evidence in this case, including Katonka's confessions to the police, is not relevant in determining whether his assertion of innocence was credible. *See id.* Katonka's confessions are not decisive as to his guilt or innocence and do not bear upon his assertion of innocence in a presentencing motion to withdraw a guilty plea. *See Commonwealth v. Wright,* 14 A.3d 798, 816 (Pa.2011) (noting that "even if a confession has properly been admitted into evidence at trial, a finder of fact is still not compelled to believe the matters contained in the confession and to automatically return a verdict of guilty, since the confession is not decisive of the issue of the defendant's guilt or innocence.").[2] Accordingly, as the record reflects that Katonka twice clearly asserted his innocence without condition, under *Forbes* and *Randolph,* there was a "fair and just" reason for withdrawal of the plea.

Because we have determined Katonka raised a "fair and just" reason for withdrawal, we must next determine whether the Commonwealth would be prejudiced by withdrawal of the plea. Here, the trial court rejected Katonka's reasons for attempting to withdraw his guilty plea, but did not make a determination as to whether the Commonwealth would be prejudiced by a withdrawal of the guilty plea. Further, neither party has developed an argument related to the prejudice suffered by the Commonwealth. Thus, the record is incomplete and we must remand the case to the trial court with instructions to hold an evidentiary hearing to make a determination as to whether the Commonwealth would be prejudiced by Katonka's withdrawal of his guilty plea. Based upon the foregoing, we are constrained to vacate the judgment of sentence and remand for further proceedings.[3]

Judgment of sentence vacated. Case remanded for evidentiary hearing. Superior Court jurisdiction relinquished.

---

2. We note that the trial court cites to *Commonwealth v. Mosley,* 283 Pa.Super. 28, 423 A.2d 427 (1980), for the proposition that Katonka's assertion of innocence was *not* believable. *See* Trial Court Opinion, 9/22/09, at 7. In *Mosley,* the defendant asserted his innocence in a petition to reconsider after the trial court had initially denied his motion to withdraw a guilty plea based on the assertion that his counsel had coerced him into entering the plea. *Mosley,* 423 A.2d at 428. The trial court accepted defendant's assertion of innocence and allowed him to withdraw his plea. *Id.* On appeal, this Court found defendant's assertion to be incredible in light of the fact that the trial court had already rejected his initial reasoning for withdrawal and pointed out that defendant had not asserted his innocence. *Id.* at 429. This Court further found that the Commonwealth would have been prejudiced by the defendant's withdrawal of the plea. *Id.* at 429–30. We conclude that the relevant reasoning in *Mosley* is inapplicable to this case as the trial court did not reject Katonka's Motion to withdraw until after he had asserted his innocence. Further, as noted above, the *Randolph* Court explicitly stated that the trial court may not render a credibility determination as to the defendant's claims of innocence.

3. Following the evidentiary hearing, if the trial court finds prejudice, it should deny the Motion to withdraw the guilty plea and impose sentence. If the court finds no prejudice to the Commonwealth, the Motion to withdraw the guilty plea should be granted pursuant to *Forbes* and *Randolph.*