J-S59027-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| CHRISTOPHER LEE REAMS, | : | |
| Appellant | : | No. 346 WDA 2015 |

Appeal from the Judgment of Sentence September 5, 2013,
Court of Common Pleas, Clearfield County,
Criminal Division at No. CP-17-CR-0000824-2012

---

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| CHRISTOPHER LEE REAMS, | : | |
| Appellant | : | No. 347 WDA 2015 |

Appeal from the Judgment of Sentence September 5, 2013,
Court of Common Pleas, Clearfield County,
Criminal Division at No. CP-17-CR-0000822-2012

BEFORE: BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED OCTOBER 06, 2015**

Appellant, Christopher Lee Reams ("Reams"), appeals from the judgment of sentence entered on September 5, 2013 by the Court of Common Pleas of Clearfield County, Criminal Division, following his guilty plea to rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, statutory sexual assault, sexual

*Former Justice specially assigned to the Superior Court.

assault, indecent assault of a person less than thirteen years of age, and

indecent exposure.[1]  For the reasons that follow, we affirm.

The trial court summarized the relevant facts and procedural history of

this case as follows:

> These cases were initiated by the filing of [c]riminal [c]omplaints by Trooper Terry Jordan of the Pennsylvania State Police, on October 5, 2012. The [a]ffidavit of [p]robable [c]ause, for docket number CP-17-CR-822-2012, states that [Reams] sexually abused a young boy[,] eight years of age, named "S.H.," on multiple occasions.  These incidents included, inter alia, anally raping the boy and performing oral sex on S.H.  The [a]ffidavit of [p]robable [c]ause, for docket number CP-17-CR-824-2012, avers that [Reams] sexually abused "E.H.," a five-year-old girl.  It was alleged, among other incidents, that [Reams] had anal sex with E.H. on one occasion and inserted one of his finger[s] into her vagina and anus on another.
>
> For the purposes of trial[,] these two cases were consolidated.  Jury selection was scheduled for this matter on February 7, 2013.  However, on that day, [Reams] entered into and signed a [n]egotiated [p]lea [a]greement and [g]uilty [p]lea [c]olloquy. Also, on February 7, 2013, [Reams] appeared before this [c]ourt and entered his plea into the record. Furthermore, the [c]ourt conducted an oral colloquy on the record.  During the course of these events, [Reams] was fully and competently represented by counsel and was advised of certain mandatory minimum sentences associated with his charges. Consequentially, jury selection for that day was cancelled.

---

[1]  18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3122.1, 3124.1, 3126(a)(7), 3127(a).

On April 16, 2013, the [c]ourt issued an [o]rder dictating that the State Sexual Offenders' Assessment Board evaluate [Reams], pursuant to the provisions of 42 Pa.C.S.A. § 9795.4(a). The assessment indicated that [Reams] met the criteria of a "Sexually Violent Predator" (hereinafter "SVP") as defined by statute.[2] The [c]ourt scheduled a Megan's Law Hearing for September 5, 2013, to determine if [Reams] should be deemed a SVP.

In the meantime, [Reams] had been scheduled for sentencing on July 9, 2013. [Reams], via counsel, made an oral [m]otion for a continuance due the pending Megan's Law Hearing. The [c]ourt granted said [m]otion and scheduled sentencing for September 5, 2013, to follow the Megan's Law [h]earing. [Reams] then filed a [p]etition to [w]ithdraw [p]lea on July 17, 2013. The [c]ourt held a [h]earing on this [m]otion on August 13, 2013, at which time the [c]ourt denied [Reams]'s request to withdraw his plea.

On September 5, 2013, the [sentencing hearing] was held pursuant to 42 Pa.C.S.A. § 9795.4, at which time [Reams] was classified as a SVP.

Trial Court Opinion, 4/13/15, at 1-3 (footnote omitted).

---

[2] An SVP under Pennsylvania's version of Megan's Law is defined as follows:

> A person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.

42 Pa.C.S.A. § 9792.

The same day, the trial court sentenced Reams to an aggregate term of twenty to forty years of incarceration. On September 16, 2013, Reams filed a post-sentence motion for reconsideration of sentence, which the trial court denied on October 21, 2013. On November 22, 2013, Reams filed a notice of appeal, which this Court quashed as untimely on April 28, 2014. On October 14, 2014, Reams filed a pro se petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, in which he averred that his appointed counsel was ineffective for failing to file a timely notice of appeal. On February 12, 2015, the PCRA court granted Reams' PCRA petition, reinstating his direct appeal rights nunc pro tunc. Reams received new appointed counsel during the PCRA proceedings.

On February 12, 2015, Reams filed a timely notice of appeal. On March 6, 2015, the trial court ordered Reams to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On March 18, 2015, Reams filed a timely Rule 1925(b) statement.

On appeal, Reams raises the following issue for our review: "Whether the [trial court] improperly denied the [Reams'] request to withdraw his [guilty plea?]" Reams' Brief at vi. Reams asserts that the trial court erred in denying his presentence motion to withdraw his guilty plea because he claimed that he was innocent of the allegations against him and because

there would be no prejudice to the Commonwealth's case if the trial court permitted Reams to withdraw his plea.[3] **See id.** at 1-3.

We acknowledge the following standard for reviewing a trial's denial of a presentence motion to withdraw a guilty plea:

> The standard of review that we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled. "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any 'fair and just' reasons for withdrawing his plea absent 'substantial prejudice' to the Commonwealth." In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Pa.R.Crim.P. 591(A). "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing ... should be liberally allowed." The policy underlying this liberal exercise of discretion is well-established: "The trial courts in exercising their discretion must recognize that 'before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial – perhaps the most devastating waiver possible under our constitution.'"

**Commonwealth v. Elia**, 83 A.3d 254, 261-62 (Pa. Super. 2013) (internal citations omitted).

---

[3] We note that Reams also sought to withdraw his guilty plea after sentencing. **See** Post-Sentence Motion for Reconsideration of Sentence Nunc Pro Tunc, 9/16/13, ¶¶ 5-13. Reams, however, does not challenge the denial of this motion on appeal. Therefore, we will only address his presentence motion to withdraw.

In **Commonwealth v. Forbes**, 299 A.2d 268 (Pa. 1973), our Supreme Court instructed that

> in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." If the trial court finds "any fair and just reason," withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'

**Id**. at 271.

In recent years, this Court has adopted a per se approach to innocence claims by defendants, holding that "[our] Supreme Court [in **Forbes**] held that the mere articulation of innocence was a 'fair and just' reason for the pre-sentence withdrawal of a guilty plea unless the Commonwealth has demonstrated that it would be substantially prejudiced." **Commonwealth v. Katonka**, 33 A.3d 44, 49 (Pa. Super. 2011). In so doing, this Court has limited a trial court's discretion in granting or denying a presentence motion for withdrawal of a guilty plea by foreclosing credibility determinations relative to a defendant's assertion of innocence. **See Commonwealth v. Randolph**, 718 A.2d 1242, 1244 (Pa. 1998) (finding that our Supreme Court condemned "rendering a credibility determination as to the defendant's actual innocence."). Specifically, this Court previously held that a trial court may not deny a defendant's presentence withdrawal based on the fact that the defendant entered the guilty plea voluntarily, knowingly and intelligently, **see Commonwealth v. Pardo**, 35 A.3d 1222, 1229

(Pa. Super. 2011), or its belief that the withdrawal is being used as a dilatory tactic, *see Commonwealth v. Unangst*, 71 A.3d 1017, 1022 (Pa. Super. 2013).

Recently, however, in *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015) and *Commonwealth v. Hvizda*, 116 A.3d 1103 (Pa. 2015), our Supreme Court altered its position on a trial court's discretion regarding presentence withdrawals of guilty pleas. Specifically, the Supreme Court "determined that a bare assertion of innocence … is not, in and of itself a sufficient reason to require a court to grant such a request." *Hvizda*, 116 A.3d at 1107 (citing *Carrasquillo*, 115 A.3d at 1285). In *Carrasquillo*, our Supreme Court explained:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth. The perfunctory fashion in which these principles were applied … lent the impression that this Court had required acceptance of a bare assertion of innocence as a fair-and-just reason.

*Id.* at 1291-92 (footnote and citations omitted). Therefore, our Supreme Court set forth the following standard for determining whether to permit a presentence withdrawal of a guilty plea:

> [T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made

- 7 -

> some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292.

We conclude that in this case, the trial court did not err in determining that Reams failed to make a colorable demonstration that permitting withdrawal of his plea would promote fairness and justice. Here, the certified record reflects that Reams did not assert his innocence either in his petition to withdraw his guilty plea or during the hearing on that petition. To the contrary, in his petition to withdraw his guilty plea, Reams provided no reason whatsoever as to why the trial court should permit him to withdraw his guilty plea. *See* Petition to Withdraw Plea, 7/17/13. Furthermore, at the hearing on his petition to withdraw his guilty plea, the sole basis Reams provided to the trial court for the withdrawal of his plea was: "I think I can do a better deal on my plea and all that stuff." N.T., 8/13/13, at 3. Therefore, not only did Reams fail to assert a "fair and just" reason for the withdrawal of his guilty plea, but he did not even provide a bare assertion of innocence. Accordingly, we conclude that the trial court did not abuse its discretion in denying Reams petition to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2015