J-S33018-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :             PENNSYLVANIA

                       Appellee     :
                                                :

                           v.                 :
                                                :

BRANDON WADE MORAGNE-EL     :
                                                :

                     Appellant    :     No. 1793 MDA 2016

Appeal from the Judgment of Sentence October 5, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0002221-2014

BEFORE:     BENDER, P.J.E., OTT, J., and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED OCTOBER 27, 2017**

Because the trial court erred in denying Moragne-El's pre-sentence motion to withdraw his guilty plea, I respectfully dissent.

When examining whether Moragne-El's claim of innocence constituted a fair and just reason to withdraw his plea, both the Majority and the trial court err in focusing upon Moragne-El's admissions of guilt at the plea hearing. **See** Majority Memorandum, at 10-11 ("Moragne-El offered no support for his claim of innocence, particularly in light of his comments at the guilty plea hearing."); Trial Court Opinion, 10/3/2016, at 4 (determining Moragne-El's "own words at time of his plea belie his claims of innocence").

This Court recently reaffirmed that "a defendant's participation in a guilty plea may not be used to negate his later assertion of innocence when

---

*Retired Senior Judge assigned to the Superior Court.

seeking to withdraw." **Commonwealth v. Islas**, 156 A.3d 1185, 1191 (Pa. Super. 2017) (citing **Commonwealth v. Katonka**, 33 A.3d 44, 49 (Pa. Court. 2011) (*en banc*), *abrogated on other grounds*, **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015)). "[B]ecause 'it is necessary for a criminal defendant to acknowledge his guilt during a guilty plea colloquy prior to the court's acceptance of a plea, such an incongruity will necessarily be present in all cases where an assertion of innocence is the basis for withdrawing a guilty plea.'" **Id.** (quoting **Katonka**, 33 A.3d at 49). Using a defendant's admissions of guilt against him when he seeks to withdraw his plea prior to sentencing based on a claim of innocence "would convert the liberal-allowance standard into a rule of automatic denial." **Id.** Thus, when determining that Moragne-El's claim of innocence was not plausible, the Majority and the trial court should not have relied upon the contradiction between Moragne-El's acknowledgement of guilt at the plea colloquy and his later assertion of innocence when seeking to withdraw his plea.

Furthermore, I believe Moragne-El presented a fair and just reason to withdraw his plea apart from his claim of innocence. When seeking to withdraw his plea, Moragne-El presented the following alternative grounds for withdrawal.

> Another reason that I'm withdrawing my plea is because to my knowledge me and my attorney – we didn't talk about this, but to my knowledge I was under the assumption that because I'm not a violent person that I was RRRI eligible. As of last week [the assistant district attorney], he said something to the extent that I'm not RRRI eligible because I have a burglary conviction on my

record. This information is false. I don't have any burglaries. I have a fourth degree attempted burglary in Maryland[,] which is equivalent to F-2 burglary in Pennsylvania[,] which doesn't disqualify me from being RRRI eligible. I just wanted to note that for the record.

N.T., 9/15/2016, at 2-3.

The Majority summarily dismisses this reason without explanation. Majority Memorandum at 11 (stating Moragne-El's "concerns regarding his eligibility for RRRI does not constitute a fair and just reason to withdraw his plea."). However, this Court has recognized previously that "the failure to discuss or raise the issue of RRRI may also be a fair and just reason" to permit a plea withdrawal. **Commonwealth v. Pardo**, 435 A.3d 1222, 1224 n.4 (Pa. Super. 2011).

The only mention of RRRI at the plea hearing was the assistant district attorney's statement that Moragne-El was not RRRI eligible based upon his burglary conviction. N.T., 9/8/2016, at 4-5. Moragne-El was not questioned during his oral or written colloquy regarding RRRI eligibility; so there is no indication in the record whether Moragne-El understood the meaning of RRRI eligibility prior to pleading guilty.[1] RRRI eligibility can significantly impact a sentence. **Pardo**, 435 A.3d at 1230 n. 12 (noting that participants "could

---

[1] Moragne-El's counsel asserted at the sentencing hearing that "there was no anticipation that [Moragne-El] would be RRRI eligible" during plea negotiations. N.T., 10/5/2016, at 6. However, this statement does not indicate whether Moragne-El personally understood his RRRI eligibility before pleading guilty. Moreover, Moragne-El was not present during the sentencing hearing when counsel made this statement.

- 3 -

potentially receive 16.6%–25% less of his ordered sentence"). Our Supreme Court has instructed the lower courts to allow liberally requests to withdraw a guilty plea prior to sentencing when there is no prejudice to the Commonwealth and the defendant has a fair and just reason to withdraw. *Islas*, 156 A.3d at 1187–88 (noting that the Court expressly reaffirmed the liberal-allowance standard for pre-sentence motions to withdraw in *Carrasquillo*). Therefore, in my view, Moragne-El presented a fair and just reason to withdraw his plea. Accordingly, I dissent.