J-S03028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PAUL FRANK KATONKA | : | |
| | : | |
| Appellant | : | No. 1032 WDA 2019 |

Appeal from the PCRA Order Entered June 3, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0001110-2008

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:             **FILED FEBRUARY 25, 2020**

Paul Frank Katonka (Appellant), proceeding *pro se*, appeals from the order entered in the Westmoreland County Court of Common Pleas, dismissing his third petition under the Post Conviction Relief Act[1] (PCRA) as untimely filed.  We affirm.

On May 12, 2008, the Commonwealth charged Appellant with four counts of involuntary deviate sexual intercourse of a victim less than 13 years old;[2] two counts each of attempted rape, aggravated indecent assault of a victim less than 13 years old, indecent assault of a victim less than 13 years

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3123(b).

old,[3] involuntary deviate sexual intercourse of a victim less than 16 years old;[4] and one count each of aggravated indecent assault of a victim less than 16 years old, indecent assault of a victim less than 16 years old, endangering the welfare of a child, and corruption of minors.[5] Appellant pleaded guilty and the trial court imposed a sentence of 10 to 20 years' imprisonment, to be followed by 15 years' probation.

Appellant appealed to this Court, which, on *en banc* review, vacated the judgment of sentence and remanded for the trial court to reconsider Appellant's motion to withdraw his guilty plea. **Commonwealth v. Katonka**, 33 A.3d 44 (Pa. Super. 2011) (*en banc*).

Ultimately, on November 26, 2012, Appellant again entered a guilty plea to all 16 counts and was immediately sentenced to an aggregate term of 8 to 16 years' imprisonment, to be followed by 19-years' probation. On April 5, 2013, the trial court held a hearing at which it determined Appellant was a "Tier III" offender under the Sexual Offenders Notification Act[6] (SORNA I), and subject to lifetime registration.[7] Appellant did not file a direct appeal.

---

[3] 18 Pa.C.S. §§ 901, 3121, 3125(a)(7), 3126(a)(7).

[4] 18 Pa.C.S. § 3123(a)(8).

[5] 18 Pa.C.S. §§ 3125(a)(8), 3126(a)(8), 4304(a)(1), 6301(a)(1).

[6] 42 Pa.C.S. §§ 9799.10 to 9799.41.

[7] The lifetime registration requirement, set forth at 42 Pa.C.S. § 9799.24, was held to be unconstitutional in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 47 WAL 2018 (Pa. July 31, 2018).

On March 23, 2016, Appellant filed his first *pro se* PCRA petition. Appointed counsel filed a no-merit letter and motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On November 17, 2016, the PCRA court dismissed the petition as untimely filed, and granted counsel's motion to withdraw. Appellant filed a timely notice of appeal which was docketed in this Court at 4 WDA 2017.

During the pendency of that appeal, on July 19, 2017, our Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (retroactive application of SORNA violates the *ex post facto* clauses of United States and Pennsylvania constitutions). On August 2, 2017, Appellant filed a second *pro se* PCRA petition, pleading for relief under **Muniz**. On August 22, 2017, the PCRA court dismissed that petition for lack of jurisdiction, as the appeal regarding Appellant's initial petition was still before this Court. Appellant filed a notice of appeal, docketed at 1493 WDA 2017.

Appellant's two appeals were consolidated, and on May 4, 2018, this Court affirmed both orders of the PCRA court. **Commonwealth v. Katonka**, 4 WDA 2017 & 1493 WDA 2017 (Pa. Super. May 4, 2018). We agreed with the PCRA court's conclusions that Appellant's first PCRA petition was untimely filed and that the court lacked jurisdiction to hear his second petition. Our Supreme Court denied allocatur on November 28, 2018. **Commonwealth v. Katonka**, 229 WAL 2018 & 230 WAL 2018 (Pa. Nov. 28, 2018).

Appellant filed the instant untimely *pro se* PCRA petition, his third, on January 25, 2019. On February 12, the PCRA court notified Appellant of its intent to dismiss, per Pa.R.Crim.P. 907. The PCRA court dismissed the petition by order of June 3, finding it to be untimely and meritless. Appellant filed a timely notice of appeal and complied with the court's order to file a statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

In the instant PCRA appeal, Appellant seeks dismissal of all charges of his conviction, reiterating his claim for relief under *Muniz*. Appellant claims that under the Supremacy Clause — Article VI, Paragraph 2 — of the United States Constitution, the timeliness requirements of the PCRA are unconstitutional inasmuch as they conflict with the Constitution and federal law on retroactivity. His central complaint is that his registration requirement under SORNA is unconstitutional.

We first review whether Appellant's instant PCRA petition was timely filed. This Court has stated:

> [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)–(iii) applies:
>
> **(b) Time for filing petition.—**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 4 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii).

**Commonwealth v. Murphy**, 180 A.3d 402, 404 (Pa. Super. 2018) (some citations omitted), **appeal denied**, 195 A.3d 559 (Pa. 2018).

Appellant's sentence was imposed on November 26, 2012, and he did not take a direct appeal. Thus, his judgment of sentence became final on December 26, 2012. **See** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking the review); Pa.R.Crim.P. 720(A)(3) (if defendant does not file timely post-sentence motion, defendant's notice of appeal shall be filed within 30 days of imposition of sentence). Generally, Appellant had one year, until December 26, 2013, to file a PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1); **Murphy**, 180 A.3d at 404. The instant appeal, filed on January 25, 2019, is thus facially untimely, and we must determine whether Appellant properly pleaded any of the Section 9545(b)(1) untimeliness exceptions.

- 5 -

As stated above, Appellant relies on **Muniz**. However, this Court has held **Muniz** is not a basis for relief under the "newly recognized constitutional right" exception at section 9545(b)(1)(iii). **Murphy**, 180 A.3d at 405; **see also Commonwealth v. Greco**, 203 A.3d 1120, 1125 (Pa. Super. 2019) (applying **Murphy** and holding "the rule recognized in **Muniz** does not establish a timeliness exception to the PCRA"). Appellant also claims that Section 9545(b)(1) is preempted by **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), **as revised** (Jan. 27, 2016). He cites **Montgomery**'s language that "courts must give retroactive effect to new 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Appellant's Brief at 18, **citing Montgomery**, 136 S.Ct. at 728.

In **Murphy**, as in **Greco**, this Court reiterated the requirement that, in order to render an otherwise-untimely PCRA petition viable, the new constitutional rule recognized must have been held by a high court (either our Supreme Court or the Supreme Court of the United States) to be of the type that would establish a timeliness exception. **See Greco**, 203 A.3d at 1124; **Murphy**, 180 A.3d at 405-06; **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002) ("[A] petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively. The language 'has been held' is in the past tense.").[8] Here, no

---

[8] This Court has stated:

such timeliness exception has been declared by either high court. There is no conflict between **Montgomery**'s guidance that changes in the law be given retroactive effect and the requirement that a high court explicitly determine that a particular change in the law affords relief under the Section 9545(b)(1)(iii) time exception of the PCRA.

Because Appellant has not established application of an exception to the PCRA's rules on timeliness, the PCRA court properly dismissed his petition.

Order affirmed.

---

Here, we acknowledge that **this Court** has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in **Rivera–Figueroa**), he must demonstrate that the **Pennsylvania Supreme Court** has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii). **See Abdul–Salaam**, **supra**. [A]t this time, no such holding has been issued by our Supreme Court[. Therefore,] Appellant cannot rely on **Muniz** to meet that timeliness exception. [FN]

---

[FN] Certainly, if the Pennsylvania Supreme Court issues a decision holding that **Muniz** applies retroactively, Appellant can then file a PCRA petition, within [one year] of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii).

**Murphy**, 180 A.3d at 405-06 (emphasis in original); **see** 42 Pa.C.S. § 9545(b)(2), as amended, effective Dec. 24, 2018.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2020