J-S27023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL RAY DRODDY | : | |
| | : | |
| Appellant | : | No. 82 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 2, 2020
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000416-2019

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: DECEMBER 23, 2021**

Appellant Daniel Ray Droddy appeals from the judgment of sentence imposed after he pled guilty to rape of a child.[1] Appellant argues that the trial court erred in denying his pre-sentence motion to withdraw the guilty plea. We affirm.

Briefly, Appellant was arrested and charged with numerous sex offenses based on allegations that he sexually abused his ex-wife's then-twelve-year-old niece. *See* Criminal Information, 10/23/19, at 1-2. At a pre-trial hearing on May 29, 2020 Attorney Robbie Taylor (plea counsel) indicated that Appellant intended to enter a guilty plea. Initially, the Commonwealth explained:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

By way of background, there had been a standing plea offer which was to count 1 which was rape of a child, a felony of the first degree under Section 3121(c), as a standard guideline sentence.

We had negotiations prior to the hearing today. There's been several things that have been discussed, but just for the record, there's been additional evidence that's come to light.

There was discussion of a potential amendment of the information which could include more offenses being listed and obviously, this hearing coming up.

As a result of that, I spoke with [Appellant's plea counsel] earlier this week and modified the plea agreement, that it would still be to count 1, rape of a child, a felony of the first degree.

The only difference is, it would not be a standard guideline sentence. It would be an open plea.

What this would essentially allow for is that [Appellant] can present evidence or argument at the time of sentencing regarding a request for a mitigated sentence.

I obviously am not going to be in [agreement] with that, but he does have the opportunity to argue for a mitigated sentence at that time.

N.T. Guilty Plea Hr'g, 5/29/20, at 2-3.

Appellant's plea counsel then explained: "I've had a number of conversations with my client, including this morning at my office while on the phone, as well as while he was here. He intends to move forward by pleading guilty to that single charge under the terms and conditions that the district attorney has just laid out." *Id.* at 4.

The trial court confirmed that Appellant had watched a video that explained his rights with respect to entering a guilty plea. *Id.* at 5-6. Appellant stated that he understood his rights and did not have any questions. *Id.* at 5. Appellant also confirmed that he had read, reviewed, and signed the

written plea colloquy which outlined his rights and the terms of the open plea. *Id.* at 7-8. The trial court explained to Appellant that he could receive a maximum sentence of forty years' imprisonment for pleading guilty to the rape charge, and Appellant stated that he understood. *Id.* at 8-9. Ultimately, the trial court accepted Appellant's plea. At that time, the following exchange occurred:

> THE COURT: The plea was entered pursuant to the agreement by the terms of which -- it shall be an open plea subject to the condition that the maximum sentence will fall at the high end of the guidelines?
>
> [Plea counsel]: Will not exceed the high end of the guideline range.
>
> THE COURT: Will not exceed the high end of the guideline range.

*Id.* at 12-13. The trial court also ordered Appellant to participate in a pre-sentence investigation (PSI) report and an evaluation with the Sexual Offender Assessment Board (SOAB) prior to sentencing.

Nearly two months later, on August 27, 2020, plea counsel filed a motion to withdraw from representation. Then, on September 2, 2020, counsel filed a motion to withdraw Appellant's plea. Therein, counsel stated that "[a]t the time [Appellant] entered his guilty plea he felt a tremendous amount of pressure to enter the plea only to realize after the fact that he had made a mistake." Mot. to Withdraw Guilty Plea, 9/2/20, at 1. Further, counsel explained that Appellant would "advise the [trial] court that he is, in fact, innocent of the offense of rape of a child, and only [pled guilty] because of

the fear associated with possibly losing at trial." *Id.* Finally, counsel reiterated his request to withdraw as counsel and for the trial court to allow Attorney J.D. Ryan (new counsel) to proceed on Appellant's behalf. *Id.*

The trial court conducted a hearing on October 5, 2020. At the hearing, Appellant appeared with new counsel, who questioned Appellant regarding the circumstances of his guilty plea. Appellant testified that he pled guilty because plea counsel told him that the sentence would be "four to six years with an argument for a mitigated sentence" and that "it wouldn't be any more." N.T. Mot. to Withdraw Plea Hr'g, 10/5/20, at 5. Further, although Appellant acknowledged that the trial court had informed him of the maximum sentence for the rape charge, he stated that plea counsel had failed to discuss that with him prior to the hearing. *Id.* at 11. In any event, Appellant testified that he was innocent of the charges against him and did not want to proceed with a guilty plea. *Id.* at 12.

On cross-examination, the Commonwealth questioned Appellant about incriminating statements he had made to police and to his former girlfriend. First, the Commonwealth introduced a recording of Appellant's initial interview with police, which took place in the back of a police car outside of Appellant's residence on August 26, 2019. *See* N.T. Mot. to Withdraw Plea Hr'g at 21; Commonwealth's Ex. B (Police Interview, 8/26/19).[2]

---

[2] Although the Commonwealth did not play the video or phone call at the hearing, the recordings were provided to the trial court and included in the certified record transmitted to this Court. For purposes of clarity, we will cite to the exhibit as admitted at the hearing.

The record reflects that during the police interview, Appellant admitted that he and the victim had used Facebook messenger to exchange sexualized messages, including explicit photos. **See** Commonwealth's Ex. B (Police Interview, 8/26/19). Although Appellant initially told police that the victim initiated the sexual conversations and that he rejected her requests for sex, he then explained that he had been suffering from depression and anxiety, had been drinking alcohol to excess, and that he had done things two years ago that he could not remember, including with the victim. **Id.** When asked if he had sexual intercourse with the victim, Appellant initially stated: "I'm sure I have but I don't remember . . . I probably did." **Id.** Eventually, Appellant admitted it was "more than likely" that he had sex with the victim. **Id.**

At the hearing, when questioned about his apparent confession to police, Appellant testified:

> I told them no until they told me that they had proof of something. I told them that nothing physical ever happened. They didn't want to listen. I never had been in trouble before. When they told me that something happened, I didn't know. I have PTSD. I take medication for it. My mind was just going all over the place. I didn't know whether to continue to tell the truth or agree with the police. I didn't know.

**See** N.T. Mot. to Withdraw Plea Hr'g at 13.

The Commonwealth also introduced audio from a phone call between Appellant and his former girlfriend, Nicole, which was recorded while Appellant

was incarcerated at the Clarion County Correctional Facility in 2019. During the call, the following exchange occurred:

Nicole: What did you do?

Appellant: I don't want to say over the phone. I did something stupid two years ago and I regretted it since.

Nicole: Your mom kind of told me a little bit. She didn't want to, but she did.

Appellant: If you never want to talk to me again, I understand.

Nicole: I need to know if you did anything, did you act on it at all? Did you physically touch anybody?

Appellant: Yes Nicole.

Nicole: You did?

Appellant: I was not in a good [inaudible]. Why do you think I quit drinking? Why do you think I'm on medications, now? [inaudible]

Nicole: How many, was it just one person or more?

Appellant: Just one, Nicole.

Nicole: I liked you.

Appellant: I like you too Nicole, that's why I'm calling you.

Nicole: You did stuff with a minor.

Appellant: It wasn't right, Nicole.

Commonwealth's Ex. B (Recorded Phone Call, 8/27/19).

When questioned about the phone call, Appellant testified that Nicole never directly asked him if he had sex with the victim. N.T. Mot. to Withdraw Plea Hr'g at 16. He further testified that, to the extent he admitted to inappropriate conduct with a minor, he was referring to his text conversations

with the victim, not physical contact. *Id.* At the conclusion of the hearing, the trial court took the matter under advisement.

On October 27, 2020, the trial court issued an order denying Appellant's motion to withdraw the plea. Therein, the trial court explained that Appellant "offered nothing more than a bare assertion of innocence that has been rebutted by the Commonwealth, and failed to provide a 'fair and just' reason for withdrawal of his plea." Trial Ct. Op. & Order, 10/27/20, at 2-3 (unpaginated). On December 2, 2020, the trial court sentenced Appellant to a period of twenty to forty years' incarceration. Appellant filed post-sentence motions, which the trial court denied.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.[3] The trial court issued a Rule 1925(a) opinion incorporating its October 27, 2020 order and opinion denying Appellant's motion.

---

[3] In his Rule 1925(b) statement, Appellant raised an additional claim challenging the discretionary aspects of his sentence. However, in his brief, Appellant notes that the issue has been "withdrawn after review of [the] record and relevant case law." *See* Appellant's Brief at 4. Therefore, we do not address it on appeal. *See Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa. Super. 1992) (stating that "[w]e must deem an issue abandoned where it has been identified on appeal" but not developed in the appellant's brief).

On appeal, Appellant raises one issue for review: "Whether the [trial] court erred in denying Appellant's presentence motion to withdraw plea?" Appellant's Brief at 4.[4]

The crux of Appellant's claim is that he provided the trial court with a fair and just reason to justify withdrawal of his plea. In support, Appellant claims that he is innocent of the charges against him and that he only accepted a plea to avoid the possibility of a life sentence if he were convicted at trial.[5] *Id.* at 11. He further asserts that "although there certainly is evidence of [his] guilt, he was able to present arguments favorable to his position of innocence." *Id.* at 13. Specifically, Appellant argues that he provided "reasons for his false confession and a factual basis for a defense, in that the victim was never [at] his house after their conversations turned sexual in nature." *Id.* at 14-15. With respect to the police interview, Appellant claims that "[a]t the very least, . . . [h]is confession was made after repeated denial of the allegations, and an assertion of lack of criminal record and lack of experience with law enforcement. He continually asserted that nothing physical happened with the victim." *Id.* at 15. As to the jail recording,

_____

[4] In its brief, the Commonwealth relies entirely on the trial court's October 27, 2020 opinion and notes that "any additional argument by the Commonwealth would be cumulative." *See* Commonwealth's Brief at 1-2.

[5] We note that although Appellant refers to his prior testimony concerning the reasons why he entered a guilty plea (*i.e.*, "he was under the impression that [the plea] was for[,] at most[,] a sentence of four to six years" and that he did not know it was an open plea until two months after sentencing), he does not challenge the knowing or voluntary nature of the plea itself.

Appellant reiterates that the "admission he made was in connection to inappropriate computer conversations he had with the victim" and that he "indicated [that] he never had sex with the victim." *Id.* at 13. Under these circumstances, Appellant argues that his testimony before the trial court "was clearly more than a bald assertion of innocence" and that, therefore, he is entitled to relief. *Id.* at 14-15 (relying on *Commonwealth v. Islas*, 156 A.3d 1185 (Pa. Super. 2017)).

It is well settled that a criminal defendant "has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002) (citation omitted). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law." *Id.* (citation omitted).

A defendant's burden of proof for withdrawing a guilty plea "differs depending on whether the defendant seeks to withdraw the plea before or after sentencing." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). In the context of a pre-sentence motion to withdraw a plea, our Supreme Court has stated:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor

of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015) (citation and footnote omitted); *see also* Pa.R.Crim.P. 591(A) (stating that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit . . . the withdrawal of a plea").

This Court has summarized the law on pre-sentence motions to withdraw guilty pleas as follows:

> The *Carrasquillo* Court, breaking with prior precedent, held that a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Carrasquillo*, 115 A.3d at 1292. Our High Court outlined that the correct inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* In that decision, our Supreme Court ruled that the defendant had not offered a plausible innocence claim given that it was rather bizarre—a "devil made me to it" claim of innocence—and since the innocence claim was offered just prior to sentencing. *Id. See also Commonwealth v. Hvizda*,[ 116 A.3d 1103 (Pa. 2015)] (companion case to *Carrasquillo*).
>
> *        *        *
>
> [In our] Supreme Court's companion case in *Hvizda*, . . . the defendant's claimed innocence was straightforward, but refuted by the Commonwealth's proof. In *Hvizda*, the defendant entered a guilty plea to first degree murder in connection with the stabbing death of his estranged spouse. Prior to imposition of his sentence, he asked to withdraw the plea claiming that he was innocent. The trial court conducted a hearing on the request to withdraw, where the defendant again asserted that he was innocent but failed to proffer any support for that claim. On the other hand, the

- 10 -

Commonwealth produced recorded telephone conversations that the defendant made from jail; in the tapes, the defendant admitted that he killed his wife and indicated that he wanted to go to trial to tell his side of the story.

The trial court denied the motion to withdraw finding that, given the Commonwealth's tapes, the assertion of innocence was pretextual and designed to manipulate the judicial system. In an unpublished memorandum, [this Court] reversed based upon *Commonwealth v. Katonka*, 33 A.3d 44, 49 (Pa. Super. 2011) (*en banc*), [in which the Court] held that "credibility assessments relative to a defendant's claim of innocence were impermissible." *Id.* Our High Court reversed the panel's holding in *Hvizda*, noting that, under its companion decision in *Carrasquillo*, a bald assertion of innocence is no longer sufficient grounds to permit withdrawal of a guilty plea. The *Hvizda* Court upheld the trial court's refusal to permit the defendant to withdraw his guilty plea because his innocence assertion was implausible as it was unsupported and rebutted by the Commonwealth's proof.

*Commonwealth v. Baez*, 169 A.3d 35, 39-40 (Pa. Super. 2017); *cf. Islas*, 156 A.3d 1191-92 (finding that the defendant's claim of innocence was "at least plausible," in part, because he maintained his innocence when interviewed by law enforcement and, unlike in *Carrasquillo*, the Commonwealth's case was based solely "on the testimony of the victim, and nothing about that evidence 'wholly undermines [the] plausibility' of [the defendant's] claim of innocence").

Here, the trial court addressed Appellant's request to withdraw his guilty plea as follows:

In the instant case, [Appellant] asserts that he felt a tremendous amount of pressure to enter the guilty plea, only to realize after the fact that he had made a mistake. [Appellant] argues that he is, in fact, innocent of the offense of rape of a child and only pled guilty because of the fear associated with possibly losing at trial or of having additional charges filed against him.

- 11 -

At the hearing on [Appellant's] motion to withdrawal [sic] his guilty plea, to refute [Appellant's] claim of innocence, the Commonwealth produced video footage from shortly after [Appellant's] arrest in which [Appellant] made statements to Corporal Bernard Novak and Trooper Joseph Streyle of the Pennsylvania State Police, admitting to physically touching the minor victim, having sex acts performed on him by the minor victim, as well as having vaginal sex with the minor victim when she was approximately twelve years old. Additionally, the Commonwealth produced recorded telephone conversations that [Appellant] made from jail to his then-girlfriend after his arrest. In the recording, [Appellant] admitted that he physically touched a minor. While he now asserts his innocence as a basis to withdraw his plea, [Appellant] has not maintained his innocence to this point and, on the contrary, has made statements proclaiming his guilt. This court finds that [Appellant's] assertion of innocence at this time is not plausible as he failed to offer "additional testimony establishing the basis of a fair and just reason" that justifies the withdrawal of his guilty plea, especially in light of his previous statements admitting sexual acts with the minor victim. *Baez*, 169 A.3d at 39 (citation omitted). Just as the Pennsylvania Supreme Court found in *Hvizda*, [Appellant's] bald assertion of innocence in this case has been rebutted by the Commonwealth's evidence. Furthermore, on cross-examination during the hearing, [Appellant] testified that it was his belief that if he withdrew his plea and went to trial he would be released from jail in the near future pursuant to Rule 600, further undermining his "fair and just" reason for asking to withdraw his plea.

The court finds [Appellant] has offered nothing more than a bare assertion of innocence that has been rebutted by the Commonwealth, and failed to provide a "fair and just" reason for withdrawal of his plea.

Trial Ct. Op. & Order at 2-3 (unpaginated).

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's pre-sentence motion to withdraw his guilty plea. *See Gordy*, 73 A.3d at 624. As noted by the trial court, the Commonwealth presented evidence concerning Appellant's statements to law

enforcement and to his former girlfriend, both of which wholly undermine his claim of innocence. ***See Hvizda***, 116 A.3d at 1103; ***cf. Islas***, 156 A.3d at 1191-92. Further, to the extent Appellant attempts to recharacterize the nature of his statements or the context in which they were made, his assertions are belied by the record. ***See*** Trial Ct. Op. & Order at 2-3; ***see also*** Commonwealth's Ex. B. Therefore, we agree with the trial court that Appellant has failed to demonstrate a fair and just reason for withdrawing his plea. ***See Carrasquillo***, 115 A.3d at 1292. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2021